665 So.2d 796 (1995)
Michael SUMRALL
v.
LUHR BROTHERS.
No. 95 CA 0779.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
Writ Denied March 15, 1996.
*797 Dennis R. Whalen, Baton Rouge, for plaintiff-appellant Michael Sumrall.
Kelann E. Larguier, Metairie, for defendants-appellees Luhr Brothers and St. Paul Fire and Marine Insurance Co.
Before SHORTESS, PARRO and KUHN, JJ.
KUHN, Judge.
After a trial on the merits, the hearing officer concluded the plaintiff-appellant had willfully and deliberately made a misrepresentation to the insurer to obtain workers' compensation benefits and ordered forfeiture of those benefits. In addition, the hearing officer ordered appellant to reimburse to the insurer the amount of benefits paid subsequent to the date of the misrepresentation. We affirm in part and reverse in part.

FACTS
On May 1, 1993, during the course and scope of employment with defendant-appellee, Luhr Brothers, plaintiff-appellant, Michael Sumrall, and two other employees were changing a tire on a Euclid-type dump truck. When the employees raised the large tire, appellant felt a small tear in his back. Appellant finished mounting the tire without complaint. Later that afternoon, appellant advised his supervisor of the injury to his back and of his pain.
The undisputed testimony of appellant establishes he was sent to Baton Rouge General Hospital where medication was administered and x-rays of his back were taken. The attending physician at Baton Rouge General Hospital gave appellant a prescription for muscle relaxers and advised if appellant felt better he could return to work after three days. Appellant was subsequently seen by physicians at Occupational Medical Center who placed him on light duty status for seven days and then released him to fullduty status.
Appellant testified because of financial reasons and despite pain in his back, he continued to work without additional medical intervention until August 1993, when his right leg went numb. Appellant stated his employer sent him to a Dr. Carruth who referred him *798 to Dr. Joseph Laughlin for an orthopedic evaluation. An MRI revealed a herniated disc. Dr. Laughlin referred appellant to Dr. Allen Joseph who performed surgery on appellant's back.
During August 1993, the defendant-appellee, St. Paul Fire and Marine Insurance Company ("St. Paul"), was advised by a Luhr Brothers employee that appellant may have been involved in an automobile accident subsequent to the May 1, 1993, work-related accident. On August 19, 1993, an adjuster for St. Paul took a recorded statement from appellant and specifically asked about subsequent accidents. Appellant denied having been involved in any other accidents. Based on appellant's representations, St. Paul commenced payment of weekly compensation benefits on August 25.
When surgery was recommended, St. Paul decided to depose appellant regarding his involvement in any subsequent accidents before approving payment of the surgery. On October 19, the deposition was conducted and, under oath, appellant denied having been involved in any subsequent accidents. Although St. Paul continued its investigation, payment of the surgery was approved, and the surgery was performed on November 1, 1993.
On January 20, 1994, Deborah Sumrall, appellant's ex-wife, confirmed to an adjuster for St. Paul that appellant had been involved in an automobile accident on May 29, 1993. During February 1994, co-workers of appellant related details of their knowledge of appellant's involvement in an automobile accident subsequent to the May 1, 1993, workrelated accident. St. Paul then terminated benefits. On October 14, 1993, appellant filed a disputed claim form. On May 6, 1994, appellees filed a reconventional demand seeking reimbursement from appellant for all weekly compensation benefits already paid by St. Paul.[1] The matter proceeded to trial on June 15, 1994.
The hearing officer, applying La.R.S. 23:1208, found appellant had willfully made a false statement when he denied being involved in a subsequent accident and that the false statement was made for the purpose of obtaining workers' compensation benefits. By a judgment signed November 30, 1994, the hearing officer ordered appellant forfeit all entitlement to workers' compensation benefits and dismissed his claims. Additionally, the hearing officer ordered appellant to reimburse to St. Paul all compensation benefits paid to him or on his behalf after October 19, 1993.[2] From this judgment, appellant appeals and raises the following issues:
(1) Whether the evidence supports the hearing officer's application of La.R.S. 23:1208;
(2) Whether La.R.S. 23:1208(E) violates appellant's equal protection rights; and
(3) Whether the hearing officer had jurisdiction to render a judgment ordering reimbursement to St. Paul for workers' compensation benefits already paid to appellant.

La.R.S. 23:1208
In challenging whether the evidence supports the hearing officer's application of La. R.S. 23:1208, appellant asserts he proved by a preponderance of the evidence that any alleged subsequent accident did not cause his herniated disc and, therefore, he is entitled to receive benefits. Moreover, appellant maintains there is no evidence any alleged misrepresentation he may have made prejudiced the appellees and, therefore, the hearing officer erred in ordering the forfeiture of workers' compensation benefits.
The date of the false statement or misrepresentation determines the applicable version of the statute governing a claimant's misrepresentations made for the purpose of obtaining workers' compensation benefits. Resweber v. Haroil Const. Co., 94-2708, p. 3 n. 1 (La. 9/5/95), 660 So.2d 7, 10. On August 19, 1993, (when appellant first denied to the St. Paul adjuster he was involved in an accident *799 subsequent to the May 1, 1993, workrelated accident) and on October 19, 1993, (when appellant denied in his deposition testimony any involvement in a subsequent accident) La.R.S. 23:1208 provided:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.
C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.
(2) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of two thousand five hundred or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.
(3) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of less than two thousand five hundred dollars, shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the director of not less than five hundred dollars nor more than five thousand dollars.
E. Any employee violating this Section shall, upon determination by hearing officer, forfeit any right to compensation benefits under this Chapter.
By its plain words, Section 1208 requires only the claimant make (1) a false statement or representation; (2) the statement or representation be willfully made; and (3) the statement or representation be made for the purpose of obtaining workers' compensation benefits. Resweber, 94-2708 at 14, 660 So.2d at 16.
Where false statements are made specifically to obtain benefits, and thus to defraud the workers' compensation system, the benefits will be forfeited for the sole reason that the claimant has willfully and deliberately attempted to defraud the workers' compensation system, and no further requirements are to be imposed. Resweber, 94-2708 at 15, 660 So.2d at 16. Section 1208 imposes no requirement that the employer be prejudiced.
In the instant case, the evidence supports a finding that appellant willfully made false representations for the purpose of obtaining workers' compensation benefits. Appellant was involved in an automobile accident subsequent to his workers' compensation accident, and, when questioned about this accident, appellant denied any involvement in an automobile accident. Appellant did so with the full knowledge that the statements were false. Accordingly, we find the hearing officer did not err in ordering forfeiture of appellant's benefits pursuant to La.R.S. 23:1208 and in dismissing appellant's claims.
Appellant also contends La.R.S. 23:1208 violates an employee's equal protection rights afforded under the United States and Louisiana constitutions. He asserts Section 1208(E) prescribes a specific penalty (i.e., forfeiture of any right to compensation benefits) against an employee who is determined to have made a willful misrepresentation, but it does not impose a similar penalty against an employer who has made a willful misrepresentation.
Equal protection provisions of the state and federal constitutions do not mandate equal treatment. U.S. Const. amend. XIV; La. Const. art. I, § 3, State v. Bell, 377 So.2d 303, 305 (La.1979). Equal protection guarantees essentially require that state laws affect alike all persons or interests similarly *800 situated, but differences in legislative treatment may validly be accorded persons or interests classified differently, provided there be shown a rational basis for the differentiation which is reasonably related to a legitimate governmental purpose. Benoit v. Maco Mfg., 93-0396 (La.App. 1st Cir. 3/11/94), 633 So.2d 1301, 1305.
It is clear an employee seeking disability benefits is not similarly situated to an employer required to pay benefits, and different legislative treatment may be accorded such persons if there is a rational basis for the different treatment. Therefore, the question is whether the disparate treatment in the statute rationally relates to the governmental interest sought to be advanced. The interest sought to be advanced by Section 1208(E) is the prevention and discouragement of fraud in relation to workers' compensation claims by mandating the forfeiture of any benefits if an employee willfully makes false statements or misrepresentations in order to obtain those benefits. We find the sanction of forfeiture of the right to compensation benefits when an employee has willfully made a false statement or misrepresentation in order to obtain compensation benefits is rationally related to the state objective of promoting honest representations and full disclosure by workers' compensation claimants. Accordingly, we find no merit in appellant's contention that La.R.S. 23:1208(E) violates the equal protection provisions of the United States and Louisiana constitutions.

REIMBURSEMENT
Appellant argues that the hearing officer did not have subject matter jurisdiction to render a judgment ordering him to reimburse all benefits paid to him by St. Paul.
Appellees contend La.R.S. 23:1208(E), authorizing the forfeiture of any right to benefits by an employee who has willfully made a misrepresentation in order to obtain benefits, supports the hearing officer's jurisdiction to order reimbursement. We disagree.
The general rule is that workers' compensation laws are to be liberally construed in favor of the claimant. City of Crowley v. Comeaux, 93-1116, p. 6 (La.App. 3rd Cir. 4/6/94), 638 So.2d 658, 661-662, writ denied, 94-1184 (La. 6/24/94), 640 So.2d 1355. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. La.Civ.Code art. 9. Words and phrases are to be construed according to the common and approved usage of the language. La.R.S. 1:3. When the wording of a statute is clear and free from ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La.R.S. 1:4.
Applying these legal precepts, we find the language in La.R.S. 23:1208(E) is clear and unambiguous, and its application, as written, does not lead to absurd consequences. According to Black's Law Dictionary (Sixth Edition, 1990) "forfeit" means, "[t]o lose, or lose the right to, by some error, fault, offense, or crime...." The plain language of La.R.S. 23:1208(E) does not contain an express grant of authority to a hearing officer to order reimbursement of compensation payments already paid by an employer or an insurer to a claimant. La.R.S. 23:1208(E) provides authority for a hearing officer to order forfeiture, however, reimbursement was not expressly set forth in the workers' compensation statute. If the legislature had intended to grant employers reimbursement rights in the workers' compensation proceeding, it could have easily so stated in the statute.[3] It is improper for a hearing officer to go outside the Workers' Compensation Act to fashion a substantive remedy. Any other construction of La.R.S. 23:1208 would violate the legal precept of liberal construction in favor of the claimant. Accordingly, we find the hearing officer erred in rendering a judgment ordering appellant to reimburse St. Paul for all workers' compensation benefits paid to him or on his behalf after October 19, 1993.

*801 CONCLUSION
For the reasons herein expressed, the order in the November 30, 1994 judgment directing appellant to reimburse to St. Paul the amount of workers' compensation benefits paid to him after October 19, 1993, is reversed. The judgment is affirmed in all other respects. The costs of this appeal are to be paid one-half by appellant and one-half by appellees.
REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] By joint stipulation, the appellate record was supplemented to include appellees' reconventional demand and a copy of appellant's answer to the reconventional demand.
[2] The judgment of the hearing officer also assessed a criminal fine of $100 against appellant and referred the matter to the director to determine whether civil fines should be assessed. The parties have not assigned error to this ruling.
[3] Although the legislature has provided hearing officers authority with respect to recovery of voluntary overpayments in La.R.S. 23:1206, such authority is limited to ordering deduction from the payments to be made as compensation.