747 So.2d 809 (1999)
RMI
v.
SOUTHDOWN CARE CENTER.
No. 98 CA 2430.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
Jerry W. Lindig, Gregory D. Frost, Baton Rouge, Louisiana, for defendant/appellant, Southdown Care Center.
Delbert G. Talley, Covington, Louisiana, for plaintiff/appellee, RMI.
John J. Rabalais, Covington, Louisiana, Janice B. Unland, Metairie, Louisiana, for amicus curiae, Louisiana Nursing Home Association.
BEFORE: GONZALES, FITZSIMMONS and WEIMER, JJ.
GONZALES, J.
On August 28, 1991, Ruby Lewis, a meter reader for the City of Thibodaux, was struck by lightning while in the course and scope of her employment. She was left comatose and, after eight months of hospitalization, she was placed in a skilled nursing facility, Southdown Care Center. In April of 1992, Risk Management Inc. (RMI), the workers' compensation carrier for the city of Thibodaux, and Southdown Care Center signed a contract agreeing to the amount charged for the ongoing care of Ms. Lewis.
On August 11, 1997, RMI filed a disputed claim for compensation with the Office of Workers' Compensation, alleging that RMI and Southdown Care Center signed an agreement for the care of Ms. Lewis in April of 1992, but that the Louisiana Fee Schedule, which went into effect in November of 1992, took precedence over the contractual agreement; therefore, RMI believed it had overpaid Southdown Care Center.
Southdown Care Center filed exceptions of vagueness, no "cause and/or right" of action, and lack of subject matter jurisdiction. Southdown Care Center's exceptions of vagueness and no cause of action were dismissed, and the exception of lack of subject matter jurisdiction was denied. In its reasons for judgment denying the lack of subject matter jurisdiction exception, the workers' compensation judge relied upon La.R.S. 23:1034.2, finding that "the *810 legislature has provided for the Office of Workers' Compensation to determine disputes involving the reimbursement schedule by statutory authority."
Thereafter, the case proceeded to trial by the workers' compensation judge. After trial, the workers' compensation judge rendered judgment in favor of RMI, finding that the fee schedule which was implemented on November 1, 1992, superceded the April 21, 1992 contract and that the fees charged by Southdown Care Center under the contract were in excess of the reimbursement schedule for November 1, 1992, through September of 1997, in violation of La.R.S. 23:1034.2. The workers' compensation judge further ruled that the reimbursement schedule was constitutional and was not an ex post facto law. The workers' compensation judge rendered judgment in favor of RMI for overpayment in excess of the fee schedule in the amount of $221,156.68.
Southdown Care Center appealed that judgment and urges the following assignments of error:
1. The OWC Hearing Officer erred in denying Southdown's exception of Lack of Jurisdiction over the Subject Matter.
2. The OWC Hearing Officer erred in allowing the plaintiff to supplement the record after the evidence was closed.
3. The OWC Hearing Officer erred in determining that the contract between the parties was null and void.
4. The OWC Hearing Officer erred by finding that the workers' compensation reimbursement schedule (sometimes hereinafter referred to as "fee schedule") implemented November 1, 1992 superseded the April 21, 1992 contract between Plaintiff and Defendant.
5. The OWC Hearing Officer erred in finding that the plaintiff's cause of action was not barred by payment, collateral or equitable estoppel or detrimental reliance.
6. The OWC Hearing Officer erred in determining that the care provided to Ms. Lewis in this case was limited to the fee schedule with regards to skilled nursing facilities under the Louisiana Workers' Compensation reimbursement schedule.
7. The OWC Hearing Officer erred in finding that the fees charged by Southdown in their contract were in excess of the reimbursement schedule during the period from November 1, 1992 through September, 1997 and, therefore, were in violation of LSA-R .S. 23:1034.2.

8. The OWC Hearing Officer erred in finding that the Defendant failed to prove that it was entitled to special reimbursement consideration or outlier relief under Section 2519 of Title 40.

ASSIGNMENT OF ERROR NO. 1 THE JURISDICTION ISSUE
The judicial power is vested in a supreme court, courts of appeal, district courts, and other courts, as authorized by the Louisiana Constitution, article V, § 1. The Louisiana Constitution, article V, § 16, provides that except as otherwise authorized by the constitution or except as provided by law for administrative agency determinations in workers' compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.
In Albe v. Louisiana Workers' Compensation Corporation, 97-0581, 97-0014 (La.10/21/97), 700 So.2d 824, 828, the court pointed out that:
The determination whether a statute is unconstitutional is a purely judicial function. State v. Board of Sup'rs of Elections, 186 La. 949, 173 So. 726 (La.1937). The judicial power of the state is constitutionally vested in the courts. La. Const. Art. 5 Sec. 1. The Commission is not a court but is an administrative agency in the executive branch of state government. See Bagert v. Bd. Of Ethics for Elected Officials, 594 So.2d 922 (La.App. 1 Cir.1992). An administrative agency does not have the authority to determine the constitutionality of statutes. *811 See Church Point Wholesale Beverage v. Tarver, 614 So.2d 697, 702 n. 8 (La.1993), and Red River Coors, Inc. v. McNamara, 577 So.2d 187 (La.App. 1 Cir.), writ denied, 582 So.2d 1306 (La. 1991) (Board of Tax Appeals does not have authority to decide the constitutionality of statutes); Bell v. Dept. of Health and Human Resources, 483 So.2d 945, 947 n. 1 (La.1986), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986), and Appeal of Brisset, 436 So.2d 654 (La.App. 1 Cir.), writ denied, 441 So.2d 749 (La.1983) (Civil Service Commission does not have the authority to decide the constitutionality of statutes). Thus, the district court, and not the Commission, had jurisdiction to rule on the constitutionality of the statutes.
. . . .
The Office of Workers' Compensation Administration was created within the Department of Labor for the purpose of administering the provisions of the Workers' Compensation Act. La.R.S. 23:1291. The administrative hearing officers are appointed by the director of the Office of Workers' Compensation Administration, who is in turn subject to the general administrative authority of the secretary of the Department of Labor. La.R.S. 23:1310.1 and La.R.S. 23:1310.2. There is no doubt that the Office of Workers' Compensation, like the Commission on Ethics for Public Employees in Midboe [v. Commission on Ethics for Public Employees, 94-2270 (La.11/30/94), 646 So.2d 351], is an administrative agency.
. . . .
Administrative agencies are a governmental hybrid, exercising powers similar to those exercised by all three branches of government. While agencies have rulemaking authority that shadows the powers of the legislature, they do not have the power to make law. Similarly, agencies have adjudicative and fact finding powers that mimic those exercised by courts. Although we recognize the Office of Workers' Compensation Administration constitutionally employs certain functions previously reserved to the judiciary in pursuit of its statutory duties, the exercise of these quasi-judicial functions does not make hearing officers judges under Art. V. Put simply, the hearing officers of the Office of Workers' Compensation Administration are not authorized to exercise "judicial power" under Art. 5, § 1. Their authority was properly restricted to "administrative agency determinations" by Art. V, § 16(A).
Louisiana Revised Statute 23:1034.2 provides:
A. The director of the office of workers' compensation administration shall establish and promulgate a reimbursement schedule for drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal and due under the Workers' Compensation Act and applicable to any person or corporation who renders such care, services, or treatment or provides such drugs or supplies to any person covered by Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950.
B. The director shall adopt, in accordance with the Administrative Procedure Act, rules and regulations necessary to establish and implement a reimbursement schedule for such care, services, treatment, drugs, and supplies.
C. The reimbursement schedule shall include charges limited to the mean of the usual and customary charges for such care, services, treatment, drugs and supplies. Any necessary adjustments to the reimbursement schedule adopted and established in accordance with the provisions of this Section may be made annually.
D. Fees in excess of the reimbursement schedule shall not be recoverable *812 against the employee, employer, or workers' compensation insurer.
E. Nothing in this Section shall prevent a health care provider from charging a fee for such care, services, treatment, drugs, or supplies that is less than the reimbursement established by the reimbursement schedule.
F. Should a dispute arise between a health care provider and the employee, employer, or workers' compensation insurer, either party may submit the dispute to the office in the same manner and subject to the same procedures as established for dispute resolution of claims for workers' compensation benefits.
[footnote omitted, emphasis added]
The claims for relief sought by RMI are recission of the contract between RMI and Southdown Care Center based on absolute nullity and reimbursement from Southdown Care Center of the sums which were paid in excess of the workers' compensation fee schedule based on a claim of unjust enrichment.
The claim for recission is based upon the allegation that the claim was absolutely null because it was in violation of the workers' compensation fee schedule, or, in the alternative, because it contained a potestative condition. The workers' compensation judge found that in order for the contract to be declared null, the workers' compensation reimbursement schedule passed by administrative regulation after the execution date of the contract should be retroactively applied. In addition, the workers' compensation judge found that the retroactive application of this administrative regulation did not violate the impairment clause of the Louisiana Constitution article I, § 23.
The nature of the relief sought by RMI does not arise out of the workers' compensation act. The nature of the dispute between the parties involved claims for relief found in the Louisiana Civil Code.
We must point out, however, that the argument in brief by Southdown Care Center that a claim for unjust enrichment cannot ever be brought in the workers' compensation court is inaccurate. In Our Lady of the Lake Regional Medical Center v. Helms, 98-1931 (La. 1st Cir.9/24/99), ___ So.2d ___, 1999 WL 744114, this court held that the workers' compensation court had jurisdiction to award reimbursement of compensation benefits under La.R.S. 23:1208. In that case, the claimant fraudulently received benefits by misleading her doctor. The workers' compensation judge found that fraud had been committed, but ruled that he lacked jurisdiction to award reimbursement to Our Lady of the Lake Regional Medical Center, relying upon Sumrall v. Luhr Brothers, 95-0779 (La. App. 1st Cir.12/15/95), 665 So.2d 796, writ denied, 96-0187 (La.3/15/96), 669 So.2d 425. However, subsequent to the Admiralty Jurisdiction Act, Sumrall case, the legislature had amended La.R.S. 23:1208 by Acts 1997, No. 1108 § 1, to provide that the workers' compensation judge may order restitution of benefits where benefits are obtained through fraud. This is a specific grant of authority in the workers' compensation act which gives the workers' compensation court authority to award reimbursement of benefits when a claimant obtains benefits through fraud. La.R.S. 23:1208 D.
An administrative agency has only the power and authority expressly granted by the constitution or statutes, although some power or authority may be implied as necessary or appropriate in order to effectuate the express powers granted. Hawkins v. State, Through Department of Health and Hospitals, 613 So.2d 229, 234 (La.App. 1st Cir.1992); Realty Mart, Inc. v. Louisiana Board of Tax Appeals, 336 So.2d 52, 54 (La.App. 1st Cir.1976).
No specific grant of authority has been made by the legislature to give the workers' compensation court authority to nullify a contract between a nursing home and a workers' compensation carrier based upon *813 alleged violation of the workers' compensation fee schedule. No specific grant of authority has been made by the legislature to give the workers' compensation court authority to award reimbursement from a health care provider to a workers' compensation carrier based upon payments made under contract which exceed a workers' compensation fee schedule which goes into effect after the effective date of the contract.
To the extent that a state agency provision promulgated pursuant to a statute can constitutionally impair a contractual right, so as to bring into question the constitutionality of the statute itself, is not a matter within the jurisdiction of the workers' compensation judge.
A judgment rendered by a court which has no subject matter jurisdiction over the subject matter of the action or proceeding is void. La.C.C.P. art. 3; St. Pierre v. Hirschfeld, 569 So.2d 222, 224 (La.App. 1st Cir.1990).
After a thorough review of the record and the applicable law, we find that this assignment of error has merit.[1] We find that the workers' compensation judge erred in denying the exception of lack of subject matter jurisdiction over this dispute; therefore, the judgment in favor of RMI is REVERSED and VACATED, and the case is DISMISSED. Costs are assessed against RMI.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, J., concurring, with reasons.
The Office of Workers' Compensation only has authority to make administrative agency determinations. La. Const. Art. V, § 16. A state agency vested with quasi-judicial functions has no authority to rule on a claim requiring judicial review. Able v. Louisiana Workers' Compensation Corporation, 97-0581, 97-0014, pp. 8-9 (La.10/21/97); 700 So.2d 824, 828.
A threshold issue must be decided before addressing the fee dispute between the health care provider and the insurer. The initial legal question: can a contract be impaired by a subsequent state agency provision promulgated pursuant to a statute that predated the contract? At a minimum, the resolution of that question requires judicial review of the constitutional prohibition against impairment of contracts, the statute at issue, how and when to apply the statute, and civil precepts of obligations. Only the district court has the power to perform the necessary review and answer the question. For these reasons, I respectfully concur in the result.
NOTES
[1] Because we find that the workers' compensation judge lacked subject matter jurisdiction over this case, we need not address the remaining assignments of error.