J^FITZSIMMONS, J.
Claimant, John Callahan, III (Callahan), appeals an adverse decision by the Office of Workers’ Compensation, wherein his disability claim was denied. Wayne Matthews Construction answered the appeal, asserting as error the trial court’s failure to order the claimant to pay restitution to the defendant. Following a review of the evidence and relevant law, this court affirms the denial of disability as well as the workers’ compensation court’s denial of restitution.
In reasons for judgment, the court initially noted that the August 15, 1995 accident which caused the disability constituted an injury covered by the Louisiana *1198 Workers’ Compensation Statute. While working, Callahan had fallen sixteen feet from a plank to the ground. He had sustained a right ankle displaced tibial pylon fracture and a left ankle calcaneus fracture. Several surgeries and extensive physical therapy were required. Callahan was left with a permanent limp. Following his accident, Callahan received workers’ compensation benefits for his injuries to his legs and feet. On October 29, 1996, his treating physician, Dr. Gerard Mu-rtagh, noted that the patient had achieved maximum medical improvement. In January 1997, following a functional capacity evaluation, Dr. Murtagh recommended that Callahan “pursue a less demanding career. One that had rest periods and that would not require prolonged standing, walking or any vigorous activities.”
Callahan’s benefits were terminated as of January 28, 1997.[2] Wayne Lee Matthews, Callahan’s employer, testified that he attempted to meet with Callahan to discuss available light duty work in January and February 1997; however, Callahan did not appear at either of the scheduled appointments on either of the two occasions. Callahan claims that benefits were wrongfully terminated because he could not perform the work described by his employer. He maintains that he never received a letter from Wayne Matthews Construction advising him that light duty employment was available. Callahan also asserts that alleged back injuries were casually connected to the fall.
IsThe workers’ compensation court found that Callahan had lied in both his deposition and at trial and that he had made false statements for the purpose of obtaining ongoing workers’ compensation benefits. The subject matter of those lies consisted of statements that: he had suffered low back injury shortly after the fall; he had never been gainfully employed following the accident, except for very occasional odd jobs; and he had never experienced mental health problems before the accident. The court stated that Callahan not only misrepresented his physical conditions to his two treating physicians, he lied about his post-accident employment with Bridge’s Truck Stop.
In the instant case, the factual discrepancies by Callahan are complicated by the existence of an unstable mental health condition that manifested several years following the fall in 1998 and 1999. The record substantiates that Callahan engaged in “bizarre” behavior that was diagnosed as a psychotic disorder. He was hospitalized in a mental health facility on occasions, and he took anti-psychotic medication. It is argued on behalf of Callahan that this psychological imbalance offsets inconsistent and false statements that were made by the claimant.
The workers’ compensation court did not address Callahan’s emotional problems in its reasons for judgment. This court finds that Callahan’s obviously unstable, and at times incoherent, state of mind excuses him from the requisite knowledge and willfulness of falsity that must be demonstrated pursuant to La. R.S. 23:1208 A. In this regard, it is noted that the general rule calls for a liberal construction of workers’ compensation laws in favor of the claimant. Sumrall v. Luhr Brothers, 95-0779, p. 7 (La.App. 1 Cir. 12/5/95), 665 So.2d 796, 800, writ denied, 96-0187 (La.3/15/96), 669 So.2d 425.
Nonetheless, the decision of the workers’ compensation court to deny Callahan’s claim for workers’ compensation was not *1199 manifestly erroneous. Callahan failed to demonstrate sufficient medical evidence to show a reasonable possibility of a causal connection between the work-related accident and the manifestation of his back complaints several years later. See LeBlanc v. Cajun Painting, Inc., 94-1609, p. 10 (La.App. 1 Cir. 4/7/95), 654 So.2d 800, 807, writs denied, 95-1706, 95-1655 (La.10/27/95), 661 So.2d 1350. There exists no medical documentation to support Callahan’s assertion that he had notified Ms physician of any back pain prior to the filing of the instant claim on September 18, 1998.[3] Nor has a sufficient link between the ankle and leg injuries to the back problems been otherwise established.
In a January 20, 1997 report, Dr. Murtagh recommended that Callahan pursue a less demanding career that would not require prolonged standing, walking, or any vigorous activities. Callahan’s employer, Matthews, stated at the trial that he attempted unsuccessfully to set up two meetings to arrange for Callahan to return to work performing light tasks. Our scrutiny of the record does not uncover any written documentation substantiating that notice, and Callahan denies having received notice of that offer. However, Dr. Murtagh’s records indicate that Callahan refused to participate in the light duty that had been prescribed, stating that he could not physically perform the activities. Moreover, Callahan confirmed this response in his deposition, wherein he stated that he could not return to work for two hours a day because he could not stand on his leg. An employee is not entitled to collect either temporary total disability or permanent total disability when the treating physician has opined that the claimant is physically able to engage in light duty employment, but the claimant refuses to do so. Spencer v. Gaylord Container Corporation, 96-1230, p. 5 (La.App. 1 Cir. 5/28/97), 693 So.2d 818, 822. Thus, the decision by the court to deny benefits is not clearly wrong. Given this court’s finding that imposition of La. R.S. 23:1208 is not apposite to the particular circumstances of this case, the claim for restitution by Wayne Matthews Construction premised on La. R.S. 23:1208 D. is also inapplicable.[4]
| ¡Accordingly, the decision of the workers’ compensation court is affirmed. Costs of this appeal are to be borne equally between the claimant, John Callahan, III, and Wayne Matthews Construction.
AFFIRMED.

. The "notice that compensation payments have stopped” was not sent until January 23, 1998.

. The medical records show that on October 2, 1995, Callahan made a "[n]ew complaint of low back pain secondary to hip exercises in gym;” however, no other mention of the back was recorded throughout his extensive physical therapy or at any of the visits to Dr. Murtagh.

. Louisiana revised statute 23:1208 D. provides in pertinent part: "Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.”