*847
 
 CARTER, C.J.
 

 12This appeal presents the question of whether the Office of Workers’ Compensation (“OWC”) has subject matter jurisdiction over a claim for underpayment of medical bills, when tendered payments were discounted to a preferred provider organization (“PPO”) contract rate.
 

 FACTS AND PROCEDURAL HISTORY
 

 This suit arises from medical treatment that Millervillage Chiropractic Center provided to Nancy Coppersmith, an employee of the East Baton Rouge Parish School Board. At the time of Coppersmith’s alleged injury, the School Board was self-insured for purposes of workers’ compensation. Gallagher Bassett Managed Care served as the School Board’s third party administrator. (For ease of reference, Gallagher Bassett Managed Care and the School Board will be referred to, collectively, as “the defendants.”)
 

 In response to medical bills for treatment rendered to Coppersmith, the defendants tendered payments to Millervillage at an amount lower than that billed, based on what the defendants labeled, a “PPO Discount.” Millervillage filed a disputed claim for compensation alleging underpayment and/or late payment of medical bills, and further requesting penalties and attorney’s fees for the arbitrary and capricious handling of the claim.
 

 The defendants excepted to the OWC’s jurisdiction over the dispute, claiming that “[a]t the heart of this litigation is whether or not the PPO contracts entered into by the medical provider are enforceable.” Citing this court’s decision in
 
 RMI v. Southdown Care Center,
 
 98-2430 (La.App. 1 Cir. 12/28/99), 747 So.2d 809,
 
 unit denied,
 
 00-0185 (La.3/17/00), 757 So.2d 640, Gallagher Bassett averred that the OWC lacks subject matter jurisdiction because a determination of whether the medical provider’s ^contractual charges are enforceable is not within the purview of the OWC’s jurisdiction. Alternatively, Gallagher Bas-sett alleged that the dispute does not arise out of the Workers’ Compensation Act (“the Act”) and, therefore, does not fall under the jurisdiction of the OWC.
 

 In opposition to the exception of lack of subject matter jurisdiction, Millervillage asserted that it is not seeking to nullify a PPO contract, and that any PPO contracts between the defendants and their PPO provider are not relevant to its cause of action. Moreover, Millervillage contended that its sole remedy against the defendants is through the Act and is clearly within the OWC’s jurisdiction.
 

 The workers’ compensation judge sustained the peremptory exception raising the objection of lack of subject matter jurisdiction and dismissed the suit. Mil-lervillage now appeals. For the reasons that follow, we reverse and hold that the OWC has subject matter jurisdiction to consider Millervillage’s claims.
 

 DISCUSSION
 

 Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. The subject matter jurisdiction of the courts is established by the Louisiana Constitution, which provides that original jurisdiction over all civil and criminal matters is vested in the district courts, except as provided by law for administrative agency determinations in workers’ compensation matters. LSA-Const. art. V § 16 A(l). LSA-R.S. 23:1310.3 E currently provides for the jurisdiction of the OWC as follows:
 

 
 *848
 
 RExcept as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651
 
 et seq.
 
 concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.
 

 The supreme court recently decided that the OWC does
 
 not
 
 have subject matter jurisdiction to decide a cause of action for defense and indemnification
 
 filed by an employer and a workers’ compensation insurer against a PPO. Broussard Physical Therapy v. Family Dollar Stores, Inc.,
 
 08-1013 (La.12/2/08), 5 So.3d 812, 817, 2008 WL 5146651. The court reasoned that the cause of action asserted by the employer against the PPO provider did not arise out of the Act, noting that the employer had not alleged that the PPO provider was responsible for payment of benefits under the Act, but rather that the PPO was liable to them under the contract between them.
 
 [1]
 

 Id.
 
 The court concluded that “[disputes involving contracts between such parties do not ‘arise out of the Act, even where the relevant claims involve the payment of third party medical bills required under the Act.”
 
 [2]
 

 Id.
 

 The claim at issue
 
 in the
 
 case
 
 sub judice,
 
 however, is not a cause of action between an employer and PPO provider based on a PPO contract such | nas that considered by the court in
 
 Broussard Physical Therapy.
 
 Rather, the cause of action presented for consideration in this case is that of a health care provider contending an employer did not make sufficient payments for medical treatment rendered to its employee. The supreme court recognized that a health care provider’s claim that the employer reimbursed it at amounts less than those required under the Act is properly characterized as a type of workers’ compensation insurance coverage dispute, and specifically falls within the OWC’s subject matter jurisdiction, as set forth in LSA-R.S. 23:1310.3 E.
 
 [3]
 

 Id.
 

 Millervillage is a medical provider seeking reimbursement of compensation benefits from an employer. The OWC has jurisdiction over Millervillage’s claim pursuant to LSA-R.S. 23:1310.3 E. If, however, the defendants were to assert a claim against their PPO provider, then that claim between the defendants and the PPO
 
 *849
 
 provider would not fall under the jurisdiction of the OWC, but would fall within the original jurisdiction of district courts.
 
 Broussard Physical Therapy,
 
 5 So.3d at 818.
 

 CONCLUSION
 

 Considering the foregoing, the judgment of the OWC is reversed and this matter is remanded for further proceedings. Costs of this appeal in the amount of $280.64, are assessed to the East Baton Rouge Parish School Board.
 

 REVERSED.
 

 [1]
 

 . The main demand in the case was that a health care provider was underpaid reimbursement for medical bills in violation of the Act's reimbursement schedule. The cause of action for defense and indemnification was raised in a third party demand brought by the employer and workers' compensation insurer against its PPO provider.
 
 Id.
 

 [2]
 

 . See
 
 Broussard Physical Therapy,
 
 5 So.3d at 817, for other examples given by the court of disputes that do not arise out of the Act.
 

 [3]
 

 .The cause of action at issue in
 
 Broussard
 
 was between an employer/insurer and a PPO provider, which, the supreme court recognized, is properly characterized as a contract dispute that does not arise out of the Act and does not fall within the OWC's jurisdiction.
 
 Id.