PETTIGREW, J.
|2The question presented by the instant appeal is whether the Office of Worker’s Compensation (“OWC”) has subject matter jurisdiction in a claim by a health care provider for alleged underpayment of an injured employee’s medical bills. Following a grant by the worker’s compensation court of a peremptory exception raising the objection of lack of subject matter jurisdiction[1] filed by defendant employer and its workers’ compensation insurer, plaintiff health care provider has appealed. For the reasons that follow, we reverse and remand for further proceedings.
FACTS
On April 4, 2008, Baton Rouge General Medical Center (“Baton Rouge General”) filed a disputed claim for compensation against an employer, Holiday Retirement Corporation (“Holiday”), and its workers’ compensation insurer, Liberty Mutual Insurance Company (“Liberty Mutual”), under the provisions of the Worker’s Compensation Act (the “Act”). Baton Rouge General alleged therein that it had provid *991 ed health care services to Tammy Tucker-son, an employee of Holiday, and that said defendants were liable to it for underpayment and/or late payment of Ms. Tucker-son’s medical bills, together with penalties and attorney fees for their alleged arbitrary and capricious handling of this claim.
On June 23, 2008, Holiday and Liberty Mutual filed a peremptory exception raising the objection of lack of subject matter jurisdiction alleging the claim filed against them by Baton Rouge General was essentially an action to nullify contracts Baton Rouge General had previously negotiated with preferred provider organizations (“PPOs”). Holiday and Liberty Mutual argued an action to nullify contracts fell outside the statutory jurisdiction of a workers’ compensation tribunal. Following a hearing, the worker’s compensation court signed a judgment on August 22, 2008, granting the peremptory exception filed by | ^Holiday and Liberty Mutual thereby dismissing the claims of Baton Rouge General. From this judgment, Baton Rouge General has appealed.
ISSUE SET FORTH ON APPEAL
The sole issue presented by Baton Rouge General in the instant appeal is whether its claims against Liberty Mutual for underpayment and/or late payment of medical benefits arise under the Act and are, therefore, within the exclusive jurisdiction of the OWC.
LAW AND ANALYSIS
Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. La.Code Civ. P. art. 2. The subject matter jurisdiction of the courts is established by the Louisiana Constitution, which provides that original jurisdiction over all civil and criminal matters is vested in the district courts, except as provided by law for administrative agency determinations in workers’ compensation matters. La. Const, art. V § 16 A(l). Louisiana Revised Statutes 23:1310.3 E currently provides for the jurisdiction of the OWC as follows:
Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.
Recently, a panel of this court was presented with precisely this issue, and in its opinion in Millervillage Chiropractic Center v. East Baton Rouge Pañsh School Board, 08-1350 (La.12/23/08), 4 So.3d 846, said panel reversed a decision by the worker’s compensation court granting a peremptory exception objecting to lack of subject matter jurisdiction filed by defendant employer and its workers’ compensation | ¿administrator. Following an appeal by the plaintiff health care provider, this court reversed and held the OWC possessed subject matter jurisdiction to decide the claim.
*992 In its decision in Millervillage, this court took notice of a recent decision by the Louisiana Supreme Court that held the OWC does not have subject matter jurisdiction to decide a third party demand for defense and indemnification filed by an employer and a workers’ compensation insurer against a PPO. Millervillage, 08-1350, p. 4, 4 So.3d at 848, citing Broussard Physical Therapy v. Family Dollar Stores, Inc., 08-1013 (La.12/2/08), 5 So.3d 812, 817. This court further noted that in its opinion in Broussard, the supreme court reasoned the cause of action asserted by the employer against the PPO provider did not arise out of the Act, and the employer had not alleged that the PPO provider was responsible for payment benefits under the Act, but rather that the PPO was liable to the employer and its insurer under the contract between them. In Broussard, the supreme court concluded “[disputes involving contracts between such parties do not ‘arise out of the Act, even where the relevant claims involve the payment of third party medical bills required under the Act.” Millervillage, 08-1350, p. 4, 4 So.3d at 848, citing Broussard Physical Therapy, 08-1013, pp. 8-9, 5 So.3d at 817.
This court distinguished the facts presented to the supreme court in Broussard from the facts before it in Millemllage. In Millervillage, this court noted “the cause of action presented for consideration in this case is that of a health care provider contending an employer did not make sufficient payments for medical treatment rendered to its employee.” Millervillage, 08-1350, p. 5, 4 So.3d at 848. This court concluded “Millervillage is a medical provider seeking reimbursement of compensation benefits from an employer. The OWC has jurisdiction over Millervillage’s claim pursuant to [La.] R.S. 23:1310.3 E.”
Under the facts presented in the instant case, Baton Rouge General finds itself in the same situation as Millervillage. Accordingly, we conclude the claims asserted by Baton Rouge General in the present litigation against Holiday and Liberty Mutual arise out of the Act and are within the exclusive jurisdiction of the OWC.
| (¡CONCLUSION
For the reasons set forth above, the grant by the worker’s compensation court of the peremptory exception filed by defendant employer and its workers’ compensation insurer is hereby reversed and this matter is remanded to said court for further proceedings. All costs of this appeal are assessed against defendants, Holiday Retirement Corporation and its workers’ compensation insurer, Liberty Mutual Insurance Company.
REVERSED AND REMANDED.

. Pursuant to La.Code Civ. P. art. 925, a court’s lack of jurisdiction over the subject matter of the action is an objection that may be raised through the filing of a declinatory exception rather than a peremptory exception. As defendants herein captioned their pleading as a peremptory exception and the judgment herein grants same, this court will, for purposes of uniformity and consistency, refer to the objection raised by defendants as a peremptory exception.