STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION
D/B/A LAKE CHARLES MEMORIAL HOSPITAL**

**VERSUS**

**SUPERIOR CARRIERS, INC.**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-1020
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

**OSWALD A. DECUIR
JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**REVERSED.**

**John Stanton Bradford
Stockwell, Sievert, Viccellio, Clements
  & Shaddock, L.L.P.
P. O. Box 2900
Lake Charles, LA 70602
(337) 436-9491
Counsel for Plaintiff/Appellee:
       Southwest Louisiana Hospital Association**

**Perry R. Staub, Jr.
Mark Van Horn
Larry E. Demmons
Taggart, Morton, Ogden, Staub,
  Rougelot & O'Brien, L.L.C
2100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2100
(504) 599-8500
Counsel for Intervenor/Appellee:
       CCN, Inc.**

**Thomas A. Filo**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**Counsel for Plaintiff/Appellee:**
    **Southwest Louisiana Hospital Association**

**H. Clay Ward, III**
**Attorney at Law**
**1111 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-9320**
**Counsel for Defendant/Appellant:**
    **Superior Carriers, Inc.**

**DECUIR, Judge.**

This is a claim filed in district court by a provider to recover payment for medical services rendered to a workers' compensation claimant. The defendant appeals a grant of summary judgment in favor of the provider finding that PPO network discounts are invalid under workers' compensation law.

## FACTS

On December 8, 2003, Southwest Louisiana Hospital Association, d/b/a Lake Charles Memorial Hospital (LCMH), rendered medical services to Steven G. Hollie, an employee of defendant, Superior Carriers, Inc. LCMH billed $4,605.00 for these services. Instead of reimbursing LCMH the workers' compensation schedule rate of $4,144.50, Superior's workers' compensation carrier, Great West Casualty Company, paid the PPO network discount amount of $3,914.29.

LCMH filed this petition for declaratory relief asking the court to declare this discount invalid and unenforceable for failing to comply with the Louisiana Preferred Provider Organization Act (La.R.S. 40:2203.1) and for discounting this workers' compensation bill below the lesser of LCMH's actual charge or the fee schedule amount in violation of La.R.S. 23:1033. The trial court granted the relief sought in both instances. Superior lodged this appeal. CCN, Inc., the administrator of the PPO network, filed a motion to intervene, which this court referred to the merits.

## DISCUSSION

Superior first argues that this case should be reversed based on the *en banc* opinion of this court in *Beutler-England Chiropractic Clinic v. Mermentau Rice, Inc.* 05-942 (La.App. 3 Cir. 5/31/06), 931 So2d 553. We agree. In *Beutler-England,* the court held that La.R.S. 23:1310.3(E), as amended, applies retroactively and grants original and exclusive jurisdiction over contractual and coverage disputes like the ones in the case at bar to workers' compensation judges. LCMH argues that, even if

that is the case, the district court had jurisdiction over the claim for violation of La.R.S. 40:2203.1 and that part of the judgment should stand. We are unpersuaded by this argument. Aside from the court's interest in avoiding piecemeal litigation, the resolution of that dispute affects the payment of benefits under the workers' compensation act and, therefore, the Office of Workers' Compensation had exclusive jurisdiction. Accordingly, the district court lacked subject matter jurisdiction in this case.

We need not discuss the remaining issues raised by the parties because this finding is dispositive. Likewise, the motion to intervene filed by CCN, Inc. is denied.

## DECREE

For the foregoing reasons, the judgment of the district court is reversed for want of subject matter jurisdiction. All costs of this appeal are taxed to appellant, Superior Carriers, Inc.

**REVERSED.**