VICTORY, J.
 

 hWe granted this writ application to determine whether a workers’ compensation judge has subject matter jurisdiction to
 
 *813
 
 decide a third party demand for defense and indemnification filed by an employer and a workers compensation insurer against a Preferred Provider Organization (“PPO”), where the main demand alleges that a health care provider was underpaid reimbursement for medical bills in violation of the reimbursement schedule of the Workers’ Compensation Act (the “Act”). After reviewing the record and the applicable law, we reverse the judgments of the lower courts and hold that the workers’ compensation judge lacks subject matter jurisdiction over the third party demand.
 

 FACTS AND PROCEDURAL HISTORY
 

 On January 12, 2007, Broussard Physical Therapy (“Broussard”) filed a disputed claim for compensation against an employer, Family Dollar Stores, Inc. (“Family Dollar”), and its workers’ compensation insurer, Ace American Insurance (“Ace”), under the Act, alleging that it had provided health care to an employee of Family Dollar and that defendants were liable to it under the Act for underpayment and/or late payment of medical bills for that employee, along with penalties and ^attorneys’ fees for arbitrary and capricious handling of its claims.
 
 [1]
 
 In partial response to Broussard’s claims, Family Dollar and Ace filed a third party demand against FOCUS Healthcare Management, Inc. (“FOCUS”), seeking defense and indemnification based on their PPO contracts with FOCUS.
 
 [2]
 
 Family Dollar and Ace allege that the under payments complained of stem from discounts taken by Family Dollar and Ace pursuant to their PPO contracts with FOCUS and allege that FOCUS is responsible to them under these PPO contracts for any sums that they may be adjudged liable to Broussard.
 

 FOCUS filed an exception of lack of subject matter jurisdiction, essentially arguing that the third-party claim filed against it does not arise out of the Act, and therefore, the workers’ compensation judge lacked jurisdiction to decide the claim. After a hearing, the workers’ compensation judge denied the exception of subject matter jurisdiction. FOCUS applied for supervisory writs to the Third Circuit Court of Appeal and requested a stay. The Third Circuit granted the stay, and then, without formally granting or denying the application for supervisory writs, affirmed the workers’ compensation judge’s denial of the exception, stating in pertinent part:
 

 This court in
 
 Beutler England Chiropractic Clinic v. Mermentau Rice, Inc.,
 
 
 *814
 
 05-942 (La.App. 3 Cir. 5/31/06), 931 So.2d 553, considered the [^question of whether “the Office of Workers’ Compensation has subject matter jurisdiction to consider a claim filed by a health care provider against an employer and its insurer over a fee reduction pursuant to a preferred provider organization agreement.”
 
 Id.
 
 at 554. The court, sitting
 
 en banc,
 
 found that “In the 2005 amendment to La. R.S. 23:1310.3(D), the legislature specifically granted to workers’ compensation judges original, exclusive jurisdiction over contractual disputes such as the one in the case at bar.”
 
 Id.
 
 at 557.
 

 Relator asserts in its writ application that the court’s decision in
 
 Beutler
 
 is consistent with its position in that the court did not hold that the OWC had jurisdiction to adjudicate disputes between employers and the owners of PPO networks under their PPO contracts. Relator essentially argues that the dispute does not “arise out of’ a workers’ compensation action and does not, therefore, fall under the jurisdiction of the OWC pursuant to La. R.S. 23:1310.3. We disagree. After much consideration, we find that this court’s reasoning in
 
 Beut-ler
 
 is equally applicable to the situation before the court.
 
 [3]
 
 Broussard alleges an underpayment for medical treatment due under the Act. The OWC has subject matter jurisdiction over Broussard’s action against Family Dollar because it unquestionably arises out of the Act. Family Dollar is pursuing payment from Focus. If there were no question of an underpayment of amounts due under the Act, there would be no action by Family Dollar against Focus. Accordingly, that action, too, arises out of the Act. It would be difficult to envision a scenario in which an employer would sue a PPO network for failure to pay an employee’s claims that would not arise out of a workers’ compensation claim. Therefore, this action arises out of a worker’s compensation action, and the OWC has subject matter jurisdiction over the dispute.
 

 Broussard Physical Therapy v. Family Dollar Stores, Inc. and Ace American Insurance Co.,
 
 08-3 (La.App. 3 Cir. 4/9/08), 981 So.2d 145.
 
 [4]
 
 We granted Focus’s Rwrit application.
 
 Broussard Physical Therapy v. Family Dollar Stores, Inc. and Ace American Insurance Co.,
 
 08-1013 (La.6/27/08), 983 So.2d 1287.
 
 [5]
 

 DISCUSSION
 

 “Jurisdiction is the legal power and authority of a court to hear and determine an
 
 *815
 
 action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.” La. C.C.P. art 1. “Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the rights asserted.” La. C.C.P. art. 2. “The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties,” and “[a] judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.” La. C.C.P. art. 3.
 

 The Louisiana Constitution establishes the subject matter jurisdiction of the district courts and provides:
 

 Except as otherwise authorized by this constitution or
 
 except as heretofore or hereafter provided by law for administrative agency determinations in workers’ compensation matters,
 
 a district court shall have original jurisdiction of all civil and criminal matters....
 

 La. Const, art. V, § 16 (emphasis added). Thus, while a district court generally has original jurisdiction over all civil matters in Louisiana, the Louisiana Constitution carves out of the jurisdictional grant “administrative agency determinations in workers’ compensation matters” as are “provided by law.” The legislature has “provided by law” for the jurisdiction of workers’ compensation judges by enacting La. R.S. 23:1310.3(E), which, as amended in 2006, provides as follows:
 

 | ^Except as otherwise provided by La. R.S. 23:1101(B), 1361, and 1378(E),
 
 [6]
 
 the workers’ compensation judge shall be vested with original, exclusive jurisdiction
 
 over all claims or disputes arising out of this Chapter,
 
 including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4661 et seq. concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter. (Emphasis added.)
 

 This Court has held that “[i]n granting hearing officers only the authority to hear ‘administrative agency determinations’ in ‘workers’ compensation matters,’ La. Const, art. V, § 16(A) only authorized hearing officers to adjudicate workers’ compensation claims arising under the Act itself.”
 
 Albe v. La. Workers’ Compensation Corp.,
 
 97-0581 (La.10/21/97), 700 So.2d 824, 829. La. R.S. 23:1310.3(E) has included in matters “arising out of this Chapter,” “workers compensation insurance coverage disputes.” In addition, La. R.S. 23:1034.2(F)(1), contained in the statute establishing for the Act’s reimbursement schedule, provides:
 

 Should a dispute arise between a health care provider and the employer, employer, or workers’ compensation insurer, either party may submit the dispute to
 
 *816
 
 the office in the same manner and subject to the same procedures as established for dispute resolution of claims for workers’ compensation benefits.
 

 In the main demand, the health care provider alleges that the employer/workers’ compensation insurer reimbursed it at amounts less than those required under the reimbursement schedule of the Act. The defendants claim that its payment was permissible under the Act. As such, the main demand can be characterized as a type of a “workers’ compensation insurance coverage dispute,” |fiwhich is specifically listed in La. 23:1310.3(E). Further, as the plaintiff claims the defendants violated the Act in reimbursing it at rates lower than those allegedly required under the Act, the main demand “arises out of’ the Act. Finally, although it does not involve the employee’s entitlement to benefits under the Act, it is a “dispute” between a “health care provider” and “the employer or workers’ compensation insurer” under La. R.S. 23:1034.2(F)(1) and as such, was properly submitted to the OWC “in the same manner and subject to the same procedures as established for dispute resolution of claims for workers’ compensation benefits.”
 

 However, the issue in this case is not whether the workers’ compensation judge has subject matter jurisdiction over the main demand, for no one is even disputing that. The issue is whether the workers’ compensation judge has jurisdiction over the third party demand between the employer/insurer and the PPO provider. Unlike the main demand, no statute expressly provides for subject matter jurisdiction of the workers’ compensation judge over the third party demand. While La. R.S. 23:1310.3(E) provides an illustrative list of the type of actions that arise out of “this Chapter,” the list does not include the situation presented in the third party demand. This is not a “workers’ compensation insurance coverage dispute,” as FOCUS did not provide workers’ compensation insurance to either of the defendants, nor to the plaintiff. La. R.S. 23:1034.2(F)(1) does not apply either, as that statute does not refer to PPO providers. Thus, the only remaining basis for jurisdiction would be if the third party claim is a claim or dispute “arising out of’ the Act.
 

 The court of appeal determined that the third party demand did arise out of the Act, reasoning that the workers’ compensation judge had jurisdiction over the main demand and “[i]f there were no question of an underpayment of amounts due under the Act, there would be no action by [the employer] against [the PPO].” 981 So.2d |7at 147. Further, the court of appeal reasoned that “[i]t would be difficult to envision a scenario in which an employer would sue a PPO network for failure to pay an employee’s claims that would not arise out of a workers’ compensation claim.”
 
 Id.
 
 However, a PPO is never obligated to pay an employee’s claims, for a PPO is not a workers’ compensation insurer. It is only through a separate contract of indemnity in a PPO contract that a PPO might be liable to one who is obligated to pay an employee’s claims, such as an employer or an insurer.
 

 Further, this decision was rendered against a convoluted backdrop of four decisions the Third Circuit has issued in workers’ compensation cases concerning jurisdiction in cases involving disputes over the rate payable to the health care provider for health care services rendered to injured employees when a PPO contract is involved.
 
 See Beutler England Clinic v. Market Basket No. 27,
 
 05-952 (La.App. 3 Cm. 12/30/05), 919 So.2d 816 (holding that the OWC did not have jurisdiction to consider a claim filed by a health care provider against an employer and insurer for reductions made pursuant to a PPO agree
 
 *817
 
 ment);
 
 Beutler England Chiropractic Clinic v. Mermentau Rice, Inc.,
 
 05-942 (La.App. 3 Cir. 5/31/06), 931 So.2d 553
 
 (en banc)
 
 (holding that the 2005 amendments to La. R.S. 23:1310.3 “specifically granted to workers’ compensation judges original, exclusive jurisdiction over contractual disputes” between a health care provider and employer involving “workers’ compensation insurance coverage disputes” and applied retroactively; thus, the workers’ compensation judge had jurisdiction even where the alleged underpayments resulted from discounts taken under PPO agreements);
 
 Southwest Louisiana Hospital Ass’n v. Superior Carriers, Inc.,
 
 06-807 (La.App. 3 Cir. 11/2/06), 942 So.2d 754 (holding that the OWC had subject matter jurisdiction over a petition for declaratory relief asking the court to declare a discount taken by the workers’ compensation Isinsurer in paying the health care provider the PPO network amount, rather than the amount set by the workers’ compensation law, invalid and unenforceable under La. R.S. 40:2203.1 (the Louisiana Preferred Provider Organization Act) and La. R.S. 23:1033);
 
 Gunderson v. F.A. Richard & Associates, Inc.,
 
 07-331 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128,
 
 writs denied,
 
 08-1063, 08-1069, 08-1072 (La.9/19/08), 992 So.2d 953 (holding that the OWC did not have jurisdiction over claims by health care providers against various PPOs alleging that the PPOs had entered into contracts with them pursuant to the PPO Act, La. R.S. 40:2201,
 
 et seq.,
 
 which allowed them to pay a discounted rate for the provision of health care, and that the PPOs had routinely reimbursed them in workers’ compensation cases at the lower PPO contracted rates, rather than at the higher amount mandated workers’ compensation rates, because the claims did not “arise out of’ the Act).
 
 [7]
 
 At this time, the Third Circuit is the only Louisiana court of appeal to have addressed the jurisdiction of workers’ compensation judges in light of PPO agreements.
 

 After reviewing the record and the above law and jurisprudence, we find that the third party demand does not “arise out of’ the Act pursuant to La. R.S. 23:1310.3(F). The employer/insurer filed the third party demand against the PPO, and the employer/insurer has not alleged that the PPO is responsible for payment of benefits under the Act. Instead, they allege that the PPO is liable to them under one or more contracts with them, based upon indemnification provisions that such contracts contain, for any sums for which the employer/insurer may be adjudged liable to the health care provider. However, the Act does not govern or otherwise regulate contracts between employers, insurers, and owners of PPO networks. Disputes involving contracts between such parties do not “arise out of’ the Act, even | flwhere the relevant claims involve the payment of third party medical bills required under the Act. La. R.S. 23:1310.3(E) is quite specific and provides for jurisdiction by the workers’ compensation judge only for “claims or disputes arising out of’ the Act.
 
 [8]
 
 Mere involvement of workers’ compensation issues is insufficient; such disputes may “relate to” workers’ compensation matters, but they do not “arise out of’ the Act. Further, the fact
 
 *818
 
 that it may be more judicially efficient to adjudicate the third party demand in the same forum as the main demand is insufficient to confer subject matter jurisdiction.
 
 [9]
 

 Moreover, disputes over contracts generally involve civil matters within the jurisdiction of the district courts.
 
 Central Louisiana Elec. Co., Inc. v. Louisiana Public Service Com’n,
 
 601 So.2d 1383, 1385 (La.1992). The resolution of the third party demand for contractual indemnity against the PPO will have no effect on the amount of medical benefits to be paid by the employer/insurer to the health care provider. The resolution of the health care providers claim against the employer/insurer will depend solely on the defendants’ obligations to the health care |inprovider under the Act, while the resolution of the third party demand simply will establish whether the PPO is liable to the employer/insurer under the indemnity provisions of their PPO contracts for any sums which defendants may be adjudged liable to the health care provider. Simply put, the third party demand is a contract claim that does not arise out of the Act.
 

 CONCLUSION
 

 The general rule is that district courts are vested with original jurisdiction of all civil matters. The original, exclusive jurisdiction granted to workers’ compensation judges in La. R.S. 23:1310.3(E) is an exception to this general rule and is limited to its explicit terms. The dispute between Family Dollar/Ace and FOCUS is a contract dispute involving indemnity under PPO agreements. La. R.S. 23:1310.3(E) does not expressly grant workers’ compensation judges jurisdiction over contract disputes of this type. Nor do such contract disputes “arise out of’ the Act so as to fall within the ambit of La. R.S. 23:1310(E)’s general jurisdictional grant. Instead, contract disputes such as this are civil matters within the original jurisdiction of district courts. The workers’ compensation judge thus lacks subject matter jurisdiction to adjudicate the third party demand.
 

 DECREE
 

 For the reasons stated herein, the decision of the court of appeal is reversed, the third party demand is dismissed, and the case is remanded to the workers’ compensation judge, OWCA District 2, for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 JOHNSON, J., concurs.
 

 [1]
 

 . The health care provider claims that it is not legally permissible under the Act, La. R.S. 23:1033, to reduce, via contract, the obligation to reimburse a medical provider pursuant to the fee schedule provided under the Act, La. R.S. 23:1203 and 23:1034.2. La. R.S. 23:1033 provides: “No contract, rale, regulation or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this Chapter except as herein provided.”
 

 [2]
 

 . A PPO network generally consists of health care providers, such as Broussard, who enter into provider contracts with a PPO owner. Through these contracts, the health care providers agree to accept specified contractual rates of payment, which are typically discounted, in exchange for receiving patient referrals and other benefits through the PPO network. The PPO network then enters into client contracts with entities that administer or pay for the provision of health care services, such as employers and workers' compensation plans and insurers. Through these client contracts, the PPO clients are able to have patients treated at discounted rates, in exchange for payment to the PPO owner of a percentage of the savings the PPO clients realize as a result of these discounted rates. Generally, the PPO agreements are of general application and are not restricted to a particular area of insurance, such as workers compensation insurance.
 

 [3]
 

 . In a footnote, the court of appeal noted that the PPO owner’s reliance on another case was inapposite, stating:
 

 Counsel for FOCUS has brought the recent case of
 
 Gunderson v. F.A. Richard & Associates, Inc.,
 
 07-331 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, to the attention of this court. We find that
 
 Gunderson
 
 is a misinterpretation of this court's en banc decision in
 
 Beutler
 
 and does not apply to this case.
 

 [4]
 

 . PPO administrators filed exceptions of lack of subject matter jurisdiction in eleven separate supervisory writ applications all alleging the same fact pattern, and the court of appeal issued a single opinion under the caption in this case. In all the remaining applications, the court of appeal affirmed for the reasons assigned in
 
 Broussard,
 
 without rendering a full opinion. Following the court of appeal’s action, the PPO administrators applied to this court in eleven separate applications. In six of the applications, 08-CC-1012, 08-CC-1014, 08-CC-1015, 08-CC1016, and 08-CC-1018, the applicants are Concentra Integrated Services and FOCUS. In three of the applications, 08-CC-1013, 08-CC-1019, and 08-CC-1020, the applicant is FOCUS, and in the remaining application the applicant is American Lifecare, Inc.
 

 [5]
 

 .We granted the writ application in 08-1013 as it corresponds with the full opinion issued by the court of appeal.
 

 [6]
 

 . These exceptions are not relevant to this case as they concern claims against third party tortfeasors for reimbursement of compensation benefits paid by an employer or workers' compensation insurer, claims against employers for retaliatory discharge and against prospective employers for retaliatory denial of employment, and appeals of decisions of the Louisiana Workers' Compensation Second Injury Board.
 

 [7]
 

 . In so holding, the court disavowed the portion of
 
 Southwest
 
 that held the OWC had jurisdiction over the claim brought pursuant to La. R.S. 40:2203.1
 

 [8]
 

 . Cases in which courts of appeal have found that matters did not “arise out of” the Act but merely “related to” the Act include the following:
 
 Harding v. Jackson,
 
 96-2273 (La.App. 1 Cir. 11/7/97), 701 So.2d 1386 (holding that claims asserted in a defendant employer’s third party demand against its putative insurer were outside the subject matter jurisdiction of the workers’ compensation judge);
 
 Covington v. A-Able Roofing, Inc.,
 
 95-1126 (La.App. 3 Cir. 3/6/96), 670 So.2d 611 (holding that the workers' compensation judge lacked jurisdic
 
 *818
 
 tion over an injured employee's rule to have his workers' compensation judgment against a defunct, uninsured corporation made execu-tory against the owner of the corporation individually);
 
 Williams v. Midwest Employers Cas. Co.,
 
 28,118 (La.App. 2 Cir. 2/28/96), 669 So.2d 616,
 
 writ denied,
 
 96-0820 (La.5/17/96), 673 So.2d 610 (holding that the workers' compensation judge lacked subject matter jurisdiction over an injured employee's suit against an excess liability insurer to recover a default judgment entered against an insolvent employer under the Act);
 
 Ortego v. CXY Energy,
 
 95-718 (La.App. 3 Cir. 1/10/96), 670 So. 2d 217 (holding that the workers' compensation judge lacked jurisdiction over a workers' compensation insurer’s third-party demand for indemnification based on a service agreement between the employer and the insured because the claim was based on the indemnity provisions of the service contract and thus did not qualify as a workers’ compensation matter).
 

 [9]
 

 .
 
 See also
 
 La. C.C.P. art. 1036 "Except as otherwise provided in Article 4845, a court shall have jurisdiction over an incidental demand only if it would have had jurisdiction over the demand had it been instituted in a separate suit. The only exceptions to this rule are those provided in the state constitution.”