Judge ROLAND L. BELSOME.
 

 | ^Plaintiff-Appellant Kenneth DeMarco appeals the grant of summary judgment from the Office of Workers’ Compensation (“OWC”) in favor of Defendants-Appel-lees, David Briggs Enterprises, Inc. and Liberty Mutual Insurance Company, which precluded Mr. DeMarco’s right to future compensation for his injuries. Because we find that the OWC exceeded its jurisdictional authority, we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 On February 10, 2005, Appellant Kenneth DeMarco was struck by a mule that had broken free from its carriage in the French Quarter. Appellant was employed by Defendant-Appellee David Briggs Enterprises, Inc. at the time of the accident. Appellant sustained back injuries as a result of the accident, for which he sought treatment and received indemnity and medical benefits from David Briggs Enterprises, Inc. and its workers’ compensation earner, Liberty Mutual Insurance Company.
 

 A third party claim was filed by Appellant against the carriage company that owned the mule, Gay 90’s Carriages, Inc., and its insurer, First Financial Insurance Company. Liberty Mutual intervened in the case and also filed its own lawsuit 12against First Financial. Before the case went to trial, First Financial submitted an
 
 *248
 
 Offer of Judgment to both Appellant and intervenor Liberty Mutual. The Offer of Judgment was accepted by Appellant only; Liberty Mutual did not respond to the offer or further pursue the matter.
 
 [1]
 

 Instead, Liberty Mutual subsequently attempted to obtain a judgment from the district court declaring the case as settled. In response, Appellant filed a Motion for Entry of Judgment, asserting that the matter was resolved as a judgment. On February 15, 2008, the district court granted Appellant’s Motion for Entry of Judgment, specifically stating in its oral reasons for judgment that the resolution was a judgment pursuant to La. C.C.P. art 970
 
 [2]
 
 and was not a La. C.C. art. 3071
 
 [3]
 
 compromise. Notably, Liberty Mutual signed the February 15, 2008 judgment of dismissal.
 

 Rather than appealing this judgment, Liberty Mutual filed a motion for summary judgment with the OWC, submitting the same argument that had already been rejected by the district court: that the resolution of the third party claim was a settlement, not a judgment. In making this argument, Appellant sought to establish that Mr. Demarco had waived his benefits under La. R.S. 23:1102, which provides that if an employee reaches a
 
 compromise
 
 with a third party and does not LoMam prior written approval from his employer, the employee waives his right to future benefits. Despite being presented with both the district court’s judgment and its oral reasons stating that the resolution was not a settlement, the OWC granted the motion for summary judgment on November 12, 2008, finding that the resolution of the third party suit was an Article 3071 compromise and not a judgment, thereby precluding Appellant’s right to future benefits. This appeal followed.
 

 STANDARD OF REVIEW
 

 An appellate court reviews a grant of summary judgment
 
 de novo,
 
 applying the same criteria as the district court.
 
 Carsice v. Empire Janitorial,
 
 2008-0471, p. 2 (La.App. 4 Cir. 12/17/08), 2 So.3d 553, 554.
 

 DISCUSSION
 

 Two errors are assigned for our review. Appellant first argues that the OWC erred in failing to recognize the jurisdictional authority of the district court’s judgment and that judgment’s binding effect on the legal issue presented to the OWC. Appellant further argues that the OWC erred in dismissing his claim in its entirety when
 
 *249
 
 medical bills related to his accident totaling $76,106.08 remain unpaid.
 

 Effect of District Court Judgment
 

 District courts are vested with original jurisdiction over all criminal and civil matters as established by La. Const, art. 5, § 16.
 
 [4]
 
 Exceptions to that general rule are narrowly construed.
 
 Gunderson v. F.A. Richard & Associates, Inc.,
 
 2007-331, p. 4 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, 1133. Likewise, La. R.S. 23:1310.3 provides for the OWC’s original jurisdiction for claims arising under the Workers’ Compensation Act.
 
 [5]
 
 In this case, the district court properly exercised its authority over the civil suit between Appellant, Liberty Mutual, and First Financial.
 

 In
 
 Albe v. Louisiana Workers’ Compensation Corp.,
 
 the Louisiana Supreme Court acknowledged that Louisiana courts have consistently held that “where the subject matter of the claim is other than an agency determination of benefits and penalties directly associated with an employee’s work-related injury, the district courts are not deprived of jurisdiction.”
 
 Albe,
 
 97-0581 (La.10/21/97), 700 So.2d 824, 829; see also
 
 Gordon v. Waste Management of New Orleans,
 
 648 So.2d 1037 (4th Cir.1994).
 
 [6]
 
 The Louisiana Constitution authorizes the OWC’s adjudication of workers’ compensation claims that arise under the Act itself.
 
 Broussard Physical Therapy v. Family Dollar Stores, Inc.,
 
 2008-1013, p. 5 (La.12/2/08), 5 So.3d 812, 815 (quoting
 
 Albe,
 
 97-0581, 700 So.2d at 829). Thus, “[mjere involvement of workers’ compensation issues is insufficient; such disputes may ‘relate to’ |,^workers’ compensation matters, but they do not ‘arise out of the Act.”
 
 Broussard Physical Therapy,
 
 2008-1013, p. 9, 5 So.3d at 817.
 

 Therefore, the OWC’s judgment,
 
 [7]
 
 which made a determination of the same issues
 
 *250
 
 presented to the district court, exceeded its jurisdictional authority. Moreover, La. R.S. 23:1102
 
 [8]
 
 is inapplicable to the facts of the instant case, as the district court explicitly stated that the resolution of Mr. DeMarco’s claims against the carriage company was a La. C.C.P. art. 970 judgment and not a compromise. A plain reading of the statute evidences that judgments are not encompassed by La. R.S. 23:1102.
 
 [9]
 
 Accordingly, we find that the OWC’s judgment precluding Mr. DeMar-co’s right to future benefits is erroneous and must be reversed.
 

 Res Judicata
 

 Appellant further asserts that
 
 res judicata
 
 principles require reversal, as the OWC was legally bound to follow the district court judgment; thus, as a matter of law, Liberty Mutual was precluded from relitigating a previously resolved legal issue arising out of the same operative facts and circumstances. La. R.S. 13:4231
 
 [10]
 
 ;
 
 Burguieres v. Pollingue,
 
 2002-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053 (La.2003). The
 
 Burguieres
 
 Court held that a subsequent action is precluded when all of the following are satisfied:
 

 (1) the judgnent is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgnent in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
 

 Id.
 

 In this case, the February 2008 decision was a valid and final judgment; the parties in the present motion are identical; the claim is identical to that raised in the district court (but with the OWC reaching the opposite result); and the claims made by Liberty Mutual arose out of the same transaction or occurrence that was the subject matter of the district court litíga
 
 *251
 
 tion. The valid and final judgment of the district court between appellant and Liberty Mutual is thus binding on the OWC.
 
 [11]
 

 Medical Expenses
 

 In the second and final assignment of error, Appellant argues that the motion at the OWC addressed only the question of future benefits. Appellant also submits that dismissal of the entire claim when past medical expenses were still outstanding requires reversal. Because we have determined that the matter be |7reversed and remanded to the OWC for further proceedings, it is unnecessary to address this assignment of error.
 

 CONCLUSION
 

 For the foregoing reasons, we conclude that summary judgment was improper and remand to the OWC for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The October 22, 2007 judgment of partial dismissal reflects that judgment was entered against Gay 90's Carriages in the amount of $25,000.00.
 

 [2]
 

 .
 

 A. At any time more than thirty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article: specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.
 

 La. C.C.P. art. 970(A).
 

 [3]
 

 ."A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. C.C. art. 3071.
 

 [4]
 

 . La. Const, art. 5, § 16(A)(1) provides that "[ejxcept as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters."
 

 [5]
 

 . Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes
 
 arising out of this Chapter,
 
 including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers' compensation benefits, payment for medical treatment, or attorney fees arising out of an injuiy subject to this Chapter.
 

 La. R.S. 23:1310.3 E (emphasis added).
 

 [6]
 

 . The Supreme Court further noted that "the fact that it may be more judicially efficient to adjudicate [aj third party demand in the same forum as the main demand is insufficient to confer subject matter jurisdiction."
 
 Broussard Physical Therapy,
 
 2008-1013, p. 9, 5 So.3d at 817-18. See also
 
 Ryan v. Blount Bros. Const. Inc.,
 
 40,845, p. 5 (La.App. 2 Cir. 4/19/06), 927 So.2d 1242, 1247 ("If an issue arises out of the Workers’ Compensation Act, jurisdiction is vested in the OWC; however, if it merely relates to the compensation claim, the OWC does not have subject matter jurisdiction.”);
 
 TIG Ins. Co. v. Louisiana Workers' Compensation Corp.,
 
 2004-2608, p. 4 (La.App. 1 Cir. 6/10/05), 917 So.2d 26, 27 ("The jurisprudence clearly establishes that the mere involvement of the workers’ compensation statute or a workers' compensation claim does not automatically subject the entire matter to the jurisdiction of the OWC.”).
 

 [7]
 

 . The OWC judgment states that it found that the district court matter “dismissed only the third-party claim against third-party defendants and did not attempt to decide any issue
 
 *250
 
 effecting Mr. DeMarco's workers’ compensation claim, which issues are exclusively within the jurisdiction of this Court...."
 

 [8]
 

 . "If the employee ... fails to obtain written approval of the
 
 compromise
 
 [with the third party] from the employer and insurer at the time of or prior to such
 
 compromise,
 
 the employee or his dependent shall forfeit the right to future compensation, including medical expenses.” La. R.S. 23:1102(B)(emphasis added).
 

 [9]
 

 . One court has noted that amendments to La. R.S. 23:1102 (Sections B and C) "were clearly intended to strengthen the employer's hand when there is the possibility of recovery against the tortfeasor, and that possibility ends in
 
 settlement
 
 rather than a judgment” against the tortfeasor.
 
 Darbonne v. M & M Right of Way Contractors,
 
 96-1730, p. 5 (La.App. 3d Cir.4/30/97), 693 So.2d 299, 302 (quoting W. Malone & A. Johnson, 14 Louisiana Civil Law Treatise,
 
 Workers’ Compensation Law and Practice,
 
 Sec. 373 at page 311 (3rd ed.1994)(emphasis in original)).
 

 [10]
 

 . La. R.S. 13:4231 provides, in pertinent part:
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
 

 [11]
 

 . We are not persuaded by Liberty Mutual’s argument that it was a "stranger” to the proceedings pursuant to
 
 Louisiana Workers' Compensation Corporation v. Betz,
 
 2000-0603 (La.App. 4 Cir. 4/18/01), 792 So.2d 763.
 
 Betz
 
 is distinguishable for several reasons. In
 
 Betz,
 
 a settlement was at issue, not a judgment. In this case, no settlement agreement was reached between the parties. Moreover, the record evidences that Liberty Mutual was an active participant in the litigation.