MARION F. EDWARDS, Chief Judge.
12Plaintiff/appellant, John James (“James”), appeals a judgment of the Office of Workers’ Compensation granting an Exception of Lack of Subject Matter Jurisdiction in favor of defendant/appellee, Wayne Catalano (“Catalano”), dismissing the claims against Catalano with prejudice.
James filed a Disputed Claim for Compensation on September 9, 2009, alleging that he fell and sustained injuries while employed by subcontractor RJ Builders, Inc. (“RJ Builders”). Nationwide Restoration, LLC (“Nationwide”) was named as the main contractor and Catalano was designated as the president and owner of Nationwide. Subsequently, James filed a Motion for Leave of Court to File Supplemental and Amended Dispute Claim, alleging that Catalano and Nationwide were members of the Louisiana Construction and Industry Association (“LCIA”), which provided workers’ compensation coverage. The motion asserted that RJ Builders; its owner, Robert Exterstien; Catalano; and Nationwide were undercapitalized and failed to secure workers’ compensation coverage. Therefore, according to James, they should be held personally liable for all benefits to which James may be entitled. The motion was granted and the amending petition filed. A third amending petition was filed, urging that Nationwide was a member of LCIA and covered under its industry self-insured fund.
lain May 2010, Catalano, individually and d/b/a Nationwide, filed a Motion and Order to Recognize Automatic Stay Due to Bankruptcy Proceedings to Nationwide Restoration, LLC, alleging that Nationwide filed for Chapter 7 Bankruptcy and requesting the court to stay the proceedings. In June 2010, James moved to bifurcate the claims against Nationwide/Catalano, stating that there was possible coverage under the LCIA self-insured fund which, along with the other defendants, would be responsible for paying benefits. The court granted the motion. On June 22, 2010, the bankruptcy stay was lifted, allowing James to proceed solely against the LCIA fund and any other third party defendants. The stay was to remain in effect against Nationwide.
LCIA filed an answer, alleging in part that Nationwide, although a member of the Fund, did not notify it of the claimed accident and did not properly pay premiums due to the fund; thus, LCIA submitted that it did not owe coverage. Catalano filed a pleading entitled Exception of No Cause of Action and Motion for Summary Judgment, alleging that he individually was not James’ employer. He stated that he was one member of Nationwide. Cata-lano further urged that James had no individual cause of action against Nationwide for failure to provide compensation and *889 that the court lacked subject matter jurisdiction to “pierce the corporate veil” against the individual members of Nationwide.
At the hearing on the Exceptions prior to trial, the trial court heard argument of counsel, and it granted the Exception of Lack of Subject Matter Jurisdiction.
On appeal, James argues that the Workers’ Compensation Court has jurisdiction to resolve any dispute as to whether the corporate veil protects the principals and owners of a corporation from liability, citing La. 23:1310.3.(F), which states:
Except as otherwise provided by R.S. 23:1101(B), 1361, and |41378(E), the workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.
James avers that the Office of Workers’ Compensation (“OWC”) judges now have a “very broad and exclusive jurisdiction.” In his argument, it appears that James characterizes the issue as one of the jurisdiction of the workers’ compensation judge to decide whether a defendant is an employer. In the present instance, however, James has not sued Catalano as his employer. Rather, he seeks the court to determine that Catalano undercapital-ized Nationwide and failed to secure workers’ compensation coverage, thus resulting in the personal liability of Catalano.
“Except as otherwise authorized by [the constitution] or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.” La. Const, art. V, § 16(A)(1). La. R.S. 23:1310.3 provides for the original jurisdiction afforded to the OWC under the Workers’ Compensation Act in La. R.S. 23:1310.3(E). That statute is quite specific and provides for jurisdiction by the workers’ compensation judge only for “claims or disputes arising out of’ the Act.[1] Mere involvement of workers’ compensation issues is insufficient; such disputes may “relate to” workers’ compensation matters, |sbut they do not “arise out of’ the Act.[2] If an issue arises out of the Workers’ Compensation Act, jurisdiction is vested in the OWC; however, if it merely relates to the compensation claim, the OWC does not have subject matter jurisdiction.[3] The fact that it may be more judicially efficient to adjudicate a related demand in the same forum as the main demand is insufficient to confer subject matter jurisdiction.[4]
*890 Subject matter jurisdiction is “the legal power and authority of a court to hear and determine a particular class of actions or proceedings.” La. C.C.P. art. 2. The courts will not read La. R.S. 23:1310.3 more broadly than its explicit language since the general rule is that district courts are vested with original jurisdiction and exceptions to this general rule are to be narrowly construed.[5] Where the claim asserted is provided for clearly in some legislation other than the Workers’ Compensation Act “there can be no question whether that claim ‘arises out of the WCA; it does not, for it arises out of a separate act of the legislature, entirely. Thus, original and exclusive jurisdiction over such a claim must rest with the district court, regardless of the claim’s ‘relation] to worker’s compensation in general....’”[6]
As in Covington, supra, James’ rule seeks to have the hearing officer determine whether Catalano is the alter ego of Nationwide. While the issue relates generally to the underlying workers’ compensation claim, it does not arise out of the Workers’ Compensation Act.[7] Rather, suits involving “piercing the corporate veil” or the “alter ego” doctrine fall under the Business Corporation Law, La. R.S. |fi12:l et seq. Such claims involve a determination of the relationship between a corporation and a shareholder and may arise in contexts other than workers’ compensation claims.[8] The theory of piercing the corporate veil applies to limited liability companies and is not limited to corporations.[9]
The district court has jurisdiction of an action of seeking to pierce the corporate veil under La. R.S. 12:1 et seq. Under the facts of the present case, we find that the trial court correctly granted the exception at issue, and we affirm the judgment.

AFFIRMED

. Broussard Physical Therapy v. Family Dollar Stores, Inc., 08-1013 (La.12/2/08), 5 So.3d 812.

. Id.

. Ryan v. Blount Bros. Const., Inc., 40,845 (La.App. 2 Cir. 4/19/06), 927 So.2d 1242, writ denied, 06-1219 (La.9/15/06), 936 So.2d 1272.

. See, Broussard, supra.

. See, Gunderson v. F.A. Richard & Assoc., Inc., 07-331 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, writ denied, 08-1063 (La.9/19/08), 992 So.2d 953 (citing Covington v. A-Able Roofing, Inc., 95-1126 (La.App. 3 Cir. 3/6/96), 670 So.2d 611).

. Gunderson, supra, at 1135 (citation omitted).

. See, Covington v. A-Able Roofing Inc., supra.

. Id.

. Prasad v. Bullard, 10-291 (La.App. 5 Cir. 10/12/10), 51 So.3d 35 (citing ORX Resources, Inc. v. MBW Exploration, LLC, 09-662, p. 7 (La.App. 4 Cir. 2/10/10), 32 So.3d 931, 935, writ denied, 10-530 (La.5/7/10), 34 So.3d 862).