STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-17

OPELOUSAS GENERAL HOSPITAL AUTHORITY, ET AL.

VERSUS

FAIRPAY SOLUTIONS, INC.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-1599-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED; MOTION TO SEAL GRANTED.**

John S. Bradford
William B. Monk
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
One Lakeside Plaza, Fourth Floor
Lake Charles, LA 70601
(337) 436-9491
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Opelousas General HospitalAuthority, A Public Trust, D/B/A
    Opelousas General Health System and Arklamiss Surgery Center,
    L.L.C.

Steven G. Durio
Durio, McGoffin, Stagg & Ackermann
220 Heymann Blvd.
Lafayette, LA 70503
(337) 233-0300
COUNSEL FOR DEFENDANT/APPELLEE:
    Fairpay Solutions, Inc.

Jerald R. Harper
Amber H. Watt
Harper Law Firm
213 Texas St.
Shreveport, LA 71101
(318) 213-8800
COUNSEL FOR DEFENDANT/APPELLEE:
    Fairpay Solutions, Inc.

Patrick A. Juneau, Jr.
Juneau David, APLC
Post Office Drawer 51268
Lafayette, LA 70505-1268
(337) 269-0052
COUNSEL FOR PLAINTIFF/APPELLEE:
    Patrick A. Juneau Jr., Special Master

John M. Landis
Douglas J. Cochran
Brooke C. Tigchelaar
Abigayle C. Farris
Stone, Pigman, Walther, Wittmann L.L.C.
546 Carondelet St.
New Orleans, LA 70130-3588
(504) 581-3200
COUNSEL FOR INTERVENOR/APPELLANT:
    Qmedtrix Systems, Inc.

Patrick Craig Morrow, Sr.
Morrow, Morrow, Ryan & Bassett
P. O. Box 1787
Opelousas, LA 70570
(337) 948-4483
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Opelousas General HospitalAuthority, A Public Trust, D/B/A
    Opelousas General Health System and Arklamiss Surgery Center,
    L.L.C.

**Stephen B. Murray**
**Arthur M. Murray**
**Murray Law Firm**
**909 Poydras Street, Suite 2150**
**New Orleans, LA 70112-4000**
**(504) 525-8100**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
> **Opelousas General HospitalAuthority, A Public Trust, D/B/A**
> **Opelousas General Health System and Arklamiss Surgery Center,**
> **L.L.C.**

**Thomas A. Filo**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
> **Opelousas General HospitalAuthority, A Public Trust, D/B/A**
> **Opelousas General Health System and Arklamiss Surgery Center,**
> **L.L.C.**

**R. Bray Williams**
**Williams Family Law Firm, L.L.C**
**P. O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
> **Opelousas General HospitalAuthority, A Public Trust, D/B/A**
> **Opelousas General Health System and Arklamiss Surgery Center,**
> **L.L.C.**

**David Coale**
**Attorney at Law**
**2100 Ross Ave., Suite 2700**
**Dallas, TX 75201**
**COUNSEL FOR DEFENDANT/APPELLEE:**
> **Fairpay Solutions, Inc.**

**GREMILLION, Judge.**

Qmedtrix Systems, Inc. (Qmedtrix), an intervenor, appeals the trial court's approval of a class action settlement between the defendant-appellee, Fairpay Solutions, Inc. (Fairpay) and the plaintiffs, Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C.. For the following reasons, we affirm the trial court's ruling and, further, grant Fairpay's motion to place documents under seal.

## FACTUAL AND PROCEDURAL BACKGROUND

Qmedtrix and Fairpay provide workers compensation bill reviewing services to employers and their workers' compensation insurers. Hundreds of Louisiana hospitals and ambulatory surgery centers have filed class action lawsuits against Fairpay's clients (and Qmedtrix also) claiming that Fairpay repriced their bills at levels below that required in La.R.S. 23:1020.1. There is pending litigation in both state and federal courts regarding these claims. This class action pertains to Fairpay's attempts to settle the matter.

In March 2012, Fairpay and the class representatives (represented by plaintiffs) jointly filed a petition seeking certification and approval of a class action settlement agreement. The parties to the settlement further filed a joint motion to place the pricing methodology exhibit referred to in the class action settlement under seal. The district court sealed the documents that disclosed the Fairpay pricing methodology.

In April 2012, the parties to the settlement filed a joint motion for preliminary approval of the thirty-page settlement agreement, which was approved by the trial court. The settlement agreement proposed a payment by Fairpay of $6.9 million to compensate the class members for every alleged underpayment of

workers' compensation health care bills from October 21, 2003, through the effective date of the settlement. It further provided an agreement to reprice future workers' compensation health care bills handled by Fairpay in accordance with the repricing methodology that the settlement agreement states is a trade secret under Louisiana law to be kept confidential and under seal.[1] The settlement agreement states that the repricing methodology resulted in a payment of 72% of all bills processed for payment by Fairpay.

A deadline of June 29, 2012 was provided in order to file written objections to the settlement agreement. On August 2, 2012, Qmedtrix filed a motion for leave to intervene in the case in order to oppose the proposed class action settlement. Qmedtrix argued that the settlement would "adversely affect all competitors in the bill review industry," and that it had a right to intervene to protect its own economic interests. Qmedtrix complained that the Future Fairpay Pricing Methodology component was a price-fixing agreement that is illegal under state and federal antitrust statutes. The trial court granted Qmedtrix leave of court to file an intervention and scheduled its objection to the settlement agreement for hearing on August 17, 2012, the day of the fairness hearing. On August 16, 2012, Qmedtrix filed a motion to unseal the record.

At the conclusion of the fairness hearing, the plaintiffs filed an Incidental Class Action Demand class against Qmedtrix alleging fraud in connection with its bill review practices. The cross-claim is currently pending.

On August 17, 2012, the trial court entered a final judgment approving the class settlement between approximately 185 ambulatory surgery centers and

---

[1] The second component of the agreement is referred to as the "Future Fairpay Pricing Methodology."

2

Fairpay. The trial court found that any objections to the fairness, reasonableness, and adequacy of the settlement agreement lacked merit. The trial court further found that the settlement agreement was the result of "extensive and intensive arms-length negotiations undertaken in good faith by highly experienced counsel, with full knowledge of the risks inherent in this litigation."

In September 2012, Qmedtrix filed a notice of removal attempting to remove the matter to federal court. In November 2012, the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) dismissed Qmedtrix's appeal and remanded the matter to the 27th Judicial District Court.

In November 2012, the plaintiffs filed a motion to certify a class against Qmedtrix. On this same day, Qmedtrix filed a permission to appeal the district court's remand order with the United States Court of Appeals for the Fifth Circuit. In December 2012, Qmedtrix appealed the trial court's August 17, 2012 judgment. In March 2013, Fairpay filed a motion to place documents under seal with this court.

## ISSUES

Qmedtrix assigns as error:

1. The district court abused its discretion by approving the Settlement Agreement, which is an absolute nullity because it violated Louisiana's statutory law and public policy.

2. The district court lacked jurisdiction to enter the order and judgment approving the Settlement Agreement.

## DISCUSSION

*The Settlement Agreement/Intervention*

A class action settlement agreement is reviewed pursuant to an abuse of discretion standard. *Orrill v. AIG, Inc.,* 09-0888 (La.App. 4 Cir. 4/21/10), 38

So.3d 457, *writs denied*, 10-0945, 10-1117 (La. 9/17/10), 45 So.3d 1035, 1036. If the trial court did not abuse its discretion in finding that the class action settlement is "fair, reasonable, and adequate for the class," we will not overturn its findings. La.Code Civ.P. art. 594(B). At the conclusion of the fairness hearing, the trial court denied Qmedtrix's objection to the proposed settlement and found that "they have no standing in this fairness hearing and filed to intervene after the cutoff period. They're not members of the class." The trial court found that the settlement between the class members was fair, reasonable, and adequate for the class. We reviewed the testimony presented at the fairness hearing and find no abuse of the trial court's discretion in finding that the settlement agreement was fair, reasonable, and adequate for the class. None of the class members contest that finding. Instead, Qmedtrix, who was not a party to the class action settlement contract, attacks its validity,

Qmedtrix does not contest the $6.9 million payment by Fairpay to the plaintiffs; rather, its main opposition to the agreement is the undisclosed pricing methodology agreed to by the class in the settlement agreement which it couches in terms of "price fixing agreements," "illegal monopolization," "violation of antitrust laws," and "against public policy." We agree with the trial court that Qmedtrix lacked standing to oppose the settlement agreement at the fairness hearing because Qmedtrix was not a party to the class action settlement agreement and it has other remedies available to it under the law that may be properly asserted. Beside the fact that the intervention was untimely, the merits of refusing to allow Qmedtrix to intervene are well supported.

> It is well settled by jurisprudence that the requirements for intervention are twofold: the intervenor must have a justiciable interest in, and connexity to, the principal action, and the interest

4

much be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. *In re Succession of Walker*, 836 So.2d at 277, (quoting from *In re Interdiction of Campbell*, 01-863 (La.App. 5 Cir. 1/15/02), 807 So.2d 908, 910, *writ denied*, 02-0499 (La.2/27/02), 810 So.2d 1148.) A "justiciable interest" is defined as "the right of a party to seek redress or a remedy against either [the] plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it." The right, if it exists, must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. *Id.*

*Mike M. Marcello, Inc. v. Louisiana Gaming Control Bd.*, 04-488, 04-1224, pp. 4-5 (La.App. 1 Cir. 5/6/05), 903 So.2d 545, 548.

Qmedtrix failed to put on any evidence at the fairness hearing proving that it had a justiciable interest in the settlement. The settlement agreement has no res judicata effect on Qmedtrix's claims, which can be asserted elsewhere, nor does it interfere with Qmedtrix's ability to conduct business in the state. A competitor simply does not have the right to intervene in a contract between private companies because the company may gain a competitive advantage through a negotiated contract. This is a fundamental tenant of our free market society. Qmedtrix is free to come up with its own formula for repricing workers' compensation bills and to negotiate contract terms with its clients. Any claims it has against Fairpay may be raised in a separate action. This assignment of error is without merit.

### *Jurisdiction*

Qmedtrix argues that the Office of Workers Compensation (OWC) has exclusive jurisdiction to determine whether use of the pricing methodology satisfies the requirements of the Louisiana Workers' Compensation Act (the Act). Fairpay says the claims against it do not arise under the Act, that the OWC could never possess jurisdiction over a class action, and that La.Code Civ.P. art. 594

5

requires trial court approval of approve action settlements. We agree with Fairpay.

Pursuant to La.R.S. 23:1310.3(F), workers' compensation judges are vested

> with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers' compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.

The present matter simply does not arise under the Act as the Act does not regulate contracts between bill reviewers and medical care providers. "Mere involvement of workers' compensation issues is insufficient; such disputes may 'relate to' to workers' compensation matters, but they do not 'arise out of' the Act." *Broussard Physical Therapy v. Family Dollar Stores, Inc.*, 08-1013, p. 9 (La. 12/2/08), 5 So.3d 812, 817. The contract claims resolved in this class action settlement involve a civil dispute between companies that provide bill review services to medical care providers. The district court properly had jurisdiction over this matter. This assignment of error is without merit.

### *Motion to Seal the Record*

Although there is no specific statutory provision allowing a trial court to seal court records, pursuant to its supervisory powers it has discretion in sealing records based on the facts and circumstances of the case. See La.Code Civ.P. art. 191; *Copeland v. Copeland*, 07-0177 (La. 10/16/07), 966So.2d 1040. It is within the trial court's purview to decide if information is sensitive such that it should not be disclosed to others. *Id.* Further, La.R.S. 44:3.2 recognizes the right of a party to

shield its trade secrets from public view when conducting business with the state. We find no abuse of the trial court's discretion in sealing Fairpay's pricing methodology formula.

## CONCLUSION

The trial court's approval of the class action settlement is affirmed. All costs of this appeal are assessed against the intervenor, Qmedtrix Systems, Inc.

**AFFIRMED; MOTION TO SEAL THE RECORD GRANTED**.