J^FOGG, J.
The salient issue raised on motion for summary judgment in this workers’ compensation case is whether the claimant has proven a compensable occupational disease. For the following reasons, we reverse and remand.
In February of 2000, Paula Dunn filed a disputed claim form against her employer, Life Point Hospitals, Inc., d/b/a Riverview Medical Center, asserting an “occupational injury” as a result of her employment as a part-time registered nurse. Riverview filed a motion for summary judgment, asserting the claimant had suffered neither an accident nor an occupational disease and, therefore, was not covered under the Louisiana Workers’ Compensation Act, LSA-R.S. 23:1031 et seq. ' The Workers’ Compensation Judge (WCJ) granted Riv-erview’s motion, and Ms. Dunn appealed.
In order to recover workers’ compensation benefits, an employee must establish by a preponderance of the evidence that she received a personal injury by accident arising out of and in the course and scope of her employment or she contracted an occupational disease. LSA-R.S. 23:1031; 23:1031.1. LSA-R.S. 23:1021(1) defines an accident as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” An occupational disease has been defined as one that is the result of a series of events, often imperceptible in nature, which are eventually evidenced in the manifestation of a disability. Vargas v. Daniell Battery Mfg. Co., Inc., 93-1249 (La.App. 1 Cir. 5/20/94), 636 So.2d 1194.
In support of its motion for summary judgment, Riverview offered the deposition testimony of the claimant and of Dr. John E. Clark. The claimant testified that she had a mastectomy of the left breast and a right side node resection in 1992. She began working at Riverview as a staff nurse in 1994. Initially, her duties did not 13require lifting patients. In 1995, due to a change in the patient population and a reduction in the staff of Riverview, her duties changed and she was required to lift patients. During this time, she developed lymphedema of the upper left arm, which is painful swelling, due to pooling of interstitial fluid in the space between the cells outside the lymphatic and blood vessels. Her lymphedema would improve when she avoided lifting patients; however, it would return when she again lifted patients. The claimant also developed a friction lesion on her swollen upper left arm, from skin-to-skin contact, which became infected. Riverview refused her request for an assignment relocation to a position that did not require lifting, and the claimant resigned.
Dr. Clark, who is board certified in physical medicine and rehabilitation and specializes in the treatment of lymphede-ma, examined the claimant on May 26, *738 1999. He diagnosed her with lymphangi-tis, an infection of the lymph vessels resulting from the lesion, and lymphedema. He treated the infection with antibiotics, but upon discontinuation of the medication, the infection returned. Thus, he revised his diagnosis to chronic lymphangitis, requiring long-term antibiotic treatment.
Concerning the claimant’s lymphedema, Dr. Clark stated it was secondary to her mastectomy, as this condition usually develops two or three years after surgery. He began a lymphedema program to manage her disease and advised her to avoid lifting patients, as overuse exacerbates lymphedema. Dr. Clark added that aggravation of lymphedema is cumulative, with each episode of swelling increasing the symptoms and weakening the vessels. The condition eventually is described as “wooding,” wherein the soft tissue becomes “like fibrous scar tissue, like wood. It’s hard.” There is no treatment for wooding lymphedema.
The material facts are undisputed. The claimant has not identified an accident that produced objective findings of an injury. In fact, .she specifically describes the onset of her lymphedema as gradual,- developing over time.
4 Riverview asserts the claimant’s disability does not meet the statutory definition of “occupational disease.” To maintain an occupational disease claim, the claimant must establish an occupational disease resulting from causes and conditions characteristic of and peculiar to her particular trade, occupation, process, or employment. Carmean v. Enter. Prod. Partners, L.L.P., 2000-1919 (La.App. 1 Cir. 11/9/01), 804 So.2d 95, writ denied, 2002-0477 (La.4/19/02), 813 So.2d 1092. However, the law is well settled that a preexisting disease or infirmity of an employee does not disqualify a workers’ compensation claim if a work injury aggravated, accelerated or combined with the disease or infirmity to produce, death or disability for which compensation is claimed. Walton v. Normandy Vill. Homes Assoc., Inc., 475 So.2d 320 (La.1985). It is immaterial that the disability could have been brought on by causes other than a work-related trauma if, in fact, trauma on the job that meets the standards of accidental injury is a disabling factor. Moreover, an accident that aggravates or accelerates a pre-exist-ing condition is compensable even where disability is not caused by a single or specific incident. Parks v. Ins. Co. of N. Am., 340 So.2d 276 (La.1976).
Likewise, we hold that a pre-existing infirmity aggravated or accelerated by a series of events characteristic of a particular employment combining to produce a disability is compensable. This broadened application comports with the established purpose of the workers’ compensation law, to provide coverage for employees injured while at work whether by accident or occupational disease, and the rule of statutory interpretation, to give effect to the whole intention of legislation, giving meaning and application to every portion. See O’Regan v. Preferred Enter., Inc., 98-1602 (La.3/17/00), 758 So.2d 124.
It is well settled that the granting of summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the | ¿mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Herein, there are no genuine issues of material fact. However, considering our conclusion that the facts asserted constitute a com-pensable occupational disease, we find that summary judgment is inappropriate because the mover has failed to show its entitlement to judgment as a matter of law.
*739 For the foregoing reasons, we -reverse the decision of the WCJ granting summary judgment in favor of Riverview and remand for further proceedings. Costs are assessed to Riverview Medical Center.
REVERSED AND REMANDED.
GUIDRY, J., concurs.