# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2020 CA 0333

# GUY LECOMPTE

# VERSUS

# ST. TAMMANY PARISH SCHOOL BOARD

*DATE OF JUDGMENT:*   **APR 2 6 2021**

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 6, NUMBER 17-01752, PARISH OF ST. TAMMANY
STATE OF LOUISIANA

HONORABLE DIANE R. LUNDEEN, JUDGE

\* \* \* \* \* \*

Julie Quinn
Justin Alsterberg
Emily S. Hardin
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellee
Guy LeCompte


David S. Pittman
Shane A. Jordon
Janna C. Bergeron
Covington, Louisiana

Counsel for Defendant-Appellant
St. Tammany Parish School Board


\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., McCLENDON, WELCH, CHUTZ, AND HESTER, JJ.

Hester, J. concurs

**Disposition: REVERSED AND REMANDED.**

Welch, J. dissents and assigns reasons

McClendon, J. dissents for reasons assigned by Welch, J.

**CHUTZ, J.**

Appellant, the St. Tammany Parish School Board (School Board), appeals a judgment of the Office of Workers' Compensation (OWC) dismissing, with prejudice, the claim of appellee, Guy LeCompte, wherein he alleged he was injured as a result of workplace exposure to toxic mold. The OWC concluded it lacked subject matter jurisdiction because no accident had occurred and LeCompte did not establish he suffered from an occupational disease. For the following reasons, we reverse.

## FACT AND PROCEDURAL BACKGROUND

On March 23, 2017, LeCompte was employed as a teacher, coach, and athletic director at Mandeville High School. On that date, he filed a disputed claim for workers' compensation indemnity and medical benefits against his employer, the School Board. LeCompte alleged that "[t]oxic mold and other contaminants located in [the] Athletic [Department] facility were ignored for years[,] resulting in [him] contracting Mycotoxin toxicity seriously affecting his immune system [and] resulting in neurological problems." The School Board denied all the allegations in LeCompte's disputed claim. The School Board further asserted "the Claimant's alleged problem, injury or disability is not related to any work-related accidents or injuries, and he has not suffered any occupational disease as alleged by him."

Thereafter, LeCompte filed a tort suit in the 22nd Judicial District Court against the School Board based on mold exposure. The School Board filed an exception of lis pendens in the district court proceeding, pointing out that LeCompte's workers' compensation claim was filed first. Following a hearing, the district court opined that the OWC should determine those matters within its exclusive jurisdiction, including the issues of whether there was an accident or whether an occupational disease existed. On March 21, 2018, the district court signed a judgment overruling the School Board's exception of lis pendens to the

extent it requested dismissal of LeCompte's tort suit, but sustained the exception to the extent of staying the district court proceedings pending the outcome of the workers' compensation proceedings.

Subsequently, LeCompte filed a motion for declaratory judgment in the OWC seeking a declaration that the OWC lacked jurisdiction over his mold-exposure claim because the claim did not arise under the Workers' Compensation Act (WCA).[1] The matter was set for a show cause hearing. Following the hearing, the OWC signed a judgment holding that it "lack[ed] the subject matter jurisdiction to hear Guy LeCompte's claims for damages for alleged mold exposure." The judgment also dismissed LeCompte's workers' compensation claim, with prejudice.

The School Board now appeals, arguing the OWC erred in finding it lacked subject matter jurisdiction over LeCompte's mold-exposure workers' compensation claim.

## DISCUSSION

Subject matter jurisdiction is "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, *based upon the object of the demand*, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. (Emphasis added.) Although district courts generally have original jurisdiction over all civil matters, an exception exists in the case of workers' compensation matters when the law so provides. See La. Const. Art. 5, § 16(A)(1); *Broussard Physical Therapy v. Family Dollar Stores, Inc.*, 08-1013 (La. 12/2/08), 5 So.3d 812, 815; *Taylor v. Hanson North America*, 08-2282 (La. App. 1st Cir. 8/4/09), 21 So.3d 963, 967. Specifically, under La. R.S. 23:1310.3(F), the OWC is granted jurisdiction over "claims or disputes arising out of" the WCA. *Broussard*, 5 So.3d at 817.

---

[1] Louisiana Revised Statutes 23:1020.1, et seq.

In order for an employee to receive workers' compensation benefits under the WCA, he has the burden of proving either that he received personal injury by accident arising out of and in the course and scope of his employment or that he contracted an occupational disease. La. R.S. 23:1031(A); 23:1031.1(A); *Dunn v. Riverview Medical Center*, 01-1521 (La. App. 1st Cir. 6/21/02), 822 So.2d 736, 737, writ denied, 02-1977 (La. 10/25/02), 827 So.2d 1159; see *Ruffin v. Poland Enterprises, L.L.C.*, 06-0244 (La. App. 4th Cir. 12/13/06), 946 So.2d 695, 698-99, writ denied, 07-0314 (La. 4/20/07), 954 So.2d 163. In this case, there is no allegation that LeCompte suffered an accident within the meaning of the WCA. Therefore, to establish his injury or disease falls within the coverage of the WCA, he must prove the alleged workplace mold exposure caused him to suffer an occupational disease. An occupational disease is defined by statute as a "disease or illness which is due to causes and conditions *characteristic of and peculiar to the particular trade, occupation, process, or employment* in which the employee is exposed to such disease." La. R.S. 23:1031.1(B). (Emphasis added.)

In the instant case, the OWC concluded LeCompte did not suffer from an occupational disease because, as several cases have found with respect to clerical work,[2] exposure to mold was not characteristic of or peculiar to the nature of LeCompte's employment as a teacher, coach, and athletic director. The OWC appears to have equated LeCompte's employment to clerical work. In written reasons for judgment, the OWC explained its conclusion as follows:

> To determine if a mold exposure case is covered by the [WCA], one must evaluate whether mold spores are conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease. [Footnote omitted.]

---

[2] See e.g. *Lyle v. Brock Services, LLC*, 18-50 (La. App. 5th Cir. 7/31/18), 252 So.3d 1010, 1018-19 (the claimant failed to establish she suffered from an occupational disease because the medical condition she developed as a result of workplace mold exposure was not characteristic of and peculiar to her employment as a clerical worker); *Ruffin*, 946 So.2d at 700 (injuries and illnesses resulting from mold exposure in a clerical job do not fall under the definition of an occupational disease as provided in La. R.S. 23:1031.1).

4

... Mold exposure cases for clerical workers do not fall within the definition of either category [accident or occupational disease]. There is no basis in the statutory language [of La. R.S. 23:1031 and 1031.1] or reasonable explanation as to why exposure to mold or mold spores could be considered "characteristic of and peculiar to" clerical work. Therefore, Mr. LeCompte's claims are outside of the Louisiana Workers' Compensation Court's coverage, and the court has no jurisdiction over his claims for injuries.

As the OWC correctly recognized, to determine whether an occupational disease exists, courts must look to an employee's work-related duties and the nature of his employment to determine whether a disease is due to causes and conditions "characteristic of and peculiar to" the employee's particular occupation. *Arrant v. Graphic Packaging International, Inc.*, 13-2878 (La. 5/5/15), 169 So.3d 296, 309; see *Lyle*, 252 So.3d at 1014 and 1016. Moreover, expert evidence generally is necessary to determine whether an occupational disease exists. See *Allred v. Georgia-Pacific Corporation*, 12-0424 (La. App. 1st Cir. 4/16/13), 2013 WL 1912653 (unpublished), at *4, writ denied, 13-1109 (La. 8/30/13), 120 So.3d 266.

In this case, however, the OWC obviously did not examine the nature of LeCompte's particular duties as a teacher, coach, and athletic director since the record contains no evidence of such. The record is devoid of evidence as to either the percentages of time LeCompte spent performing each of his respective roles as teacher, coach, and athletic director or the exact extent and nature of the duties entailed in each of those roles. Instead, the OWC equated LeCompte's employment to clerical work without any supporting evidence.

LeCompte filed a disputed claim for compensation with the OWC based on his allegation of an occupational disease resulting from workplace mold exposure. The *object* of the claim is the recovery of workers' compensation indemnity and medical benefits, which is clearly a matter "arising out of" the WCA. See La. C.C.P. art. 2; La. R.S. 23:1310.3(F). The issue of whether LeCompte has suffered an

5

occupational disease compensable under the coverage of the WCA is an issue separate and apart from whether the OWC has original subject matter jurisdiction to hear his claim. Under La. R.S. 23:1310.3(F), subject matter jurisdiction to hear the merits of LeCompte's workers' compensation claim and determine whether he has suffered an occupational disease rests with the OWC.[3] The OWC erred in concluding it lacked subject matter jurisdiction over LeCompte's claim.[4]

## CONCLUSION

For these reasons, we reverse the November 15, 2019 judgment dismissing the workers' compensation claim of appellee, Guy LeCompte, against his employer, the St. Tammany Parish School Board, based on the OWC's finding that it lacked subject matter jurisdiction over the claim. This matter is remanded to the OWC for further proceedings consistent with this opinion. The costs of this appeal are assessed against each party equally, with each party to pay the amount of $530.30.

**REVERSED AND REMANDED.**

---

[3] In the event LeCompte's alleged injury does not fall within the coverage of the WCA, he has a right to sue for damages in tort. See *O'Regan v. Preferred Enterprises, Inc.*, 98-1602 (La. 3/17/00), 758 So.2d 124, 135-36.

[4] Because we find merit in the School Board's assertion that the OWC erred in concluding it lacked subject matter jurisdiction, we pretermit the School Board's remaining assignments of error.

6

GUY LECOMPTE

VERSUS

ST. TAMMANY PARISH
SCHOOL BOARD

NUMBER: 2020 CA 0333

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

*TEW* WELCH, J., dissenting.

I respectfully disagree with the majority's decision to reverse the judgment of the workers' compensation judge ("WCJ"). The WCJ was asked to issue a declaratory judgment finding that the Office of Workers' Compensation ("OWC") lacked jurisdiction over the plaintiff's black toxic mold exposure claim because such claim did not arise under (or was not a compensable occupational disease under) the Workers' Compensation Act ("the Act"). Based on the allegations made and the facts presented, the WCJ was correct.

The record establishes that the plaintiff was an athletic director, coach, and teacher at Mandeville High School during his employment with the St. Tammany Parish School Board. He claimed that over his years of employment, he was exposed to black toxic mold, which caused him to develop a serious medical condition. In order to invoke the jurisdiction of the OWC, the plaintiff must establish either that he was received personal injury by accident or that he contracted an occupational disease. There is no dispute or allegation that he was injured by accident; thus, the issue is whether he contracted an occupational disease, *i.e.* whether the toxic black mold that the plaintiff was exposed to while he was an athletic director, teacher and coach is "characteristic of and peculiar to the particular trade, occupation, process, or employment." The resounding answer to this inquiry is "**NO**." Toxic black mold exposure is not characteristic of **and** peculiar to any of these jobs. Contrary to the majority's determination, it does not matter how much time was spent in each

classification, because none of the job duties of an athletic director, teacher or coach are in anyway related to toxic black mold exposure. The job duties of an athletic director, coach, and teacher, as found by the WCJ, are much more characteristic of clerical employment. The case law is clear, in the area of black mold exposure, that black mold exposure is not characteristic and peculiar to these mainly clerical occupations. Therefore, the plaintiff's claim is not covered by the Act, the OWC lacks jurisdiction over the claim, and this matter is properly pending as a tort suit before the district court.

Thus, I respectfully dissent.